(34 Misc. Rep. 688.)

HOPKINS v. CAMERON.

(Supreme Court, Special Term, Kings County. May, 1901.)

1. ELECTION BY WIDOW.
    Where a husband, by will, devised a life estate in all of his property to his widow, she is not compelled to elect between the devise and her dower rights.

2. DOWER—WAIVER.
    Where a widow, to whom a life estate in her husband's property is devised, consents that the premises be sold in partition, to which she is a party, and she is paid the value of such life estate, she cannot thereafter sue the purchaser for admeasurement of dower.

Action by Sarah Hopkins against Ann Cameron. Judgment for defendant.

This is an action for admeasurement of the plaintiff's dower in a house and lot.

Her deceased husband owned the property and devised it to her for life, remainder to his children. He owned no other real estate. He left no debts and the said real property was unencumbered. The widow's dower was never admeasured. She took possession of and received the rents and profits of the entire property from the death of the husband in 1890.

One of the children brought an action to partition the same in 1896, making the widow and the other devisees defendants. The complaint set out the said will, and alleged that it devised the said land to the said widow for life. It contained no other allegation of her interest; it made no mention

of her dower interest. It alleged that she had by a written instrument consented to the partition of the property, and set out such instrument in full. It is entitled in the action, and in it she also "consents to accept and receive from the proceeds of a sale, if any is made herein, a gross sum to be fixed by the court according to the principles of law applicable to annuities in satisfaction of her estate or interest in the premises described in the complaint herein."

The complaint specifically states the interest of each of the other defendants in the said real estate, viz., an undivided one-fifth.

The prayer is that the interests of the parties be ascertained, that if a partition cannot be had the premises be sold, and that the proceeds be divided among the parties according to their interests.

The widow did not answer or serve notice of appearance.

Before the interlocutory judgment was entered she executed, acknowledged and filed in the action in the county clerk's office, a consent entitled in the action, that the property be sold, and as follows: "And I hereby consent to accept in full satisfaction and discharge of my estate or interest in said premises a gross sum, the amount of which shall be ascertained according to law, from the proceeds of the sale of the said premises."

The report of the referee states the interest of each party, and that of the widow as follows: "A life estate in the entire premises described in the complaint in this action, and that she is entitled to receive from the proceeds of the sale of the said premises a gross sum" therefor, to be computed according to law.

The interlocutory judgment adjudged that the said widow "is entitled to a life estate in the entire premises," and to receive a gross sum out of the proceeds therefor.

The plaintiff was the purchaser and took title and was given possession by the widow and other devisees under the sale in partition.

Out of the proceeds of the sale she was paid a sum equal to her life estate in the whole thereof, except that the referee deducted from the said sum certain taxes levied on the property during her life tenancy, and which the referee paid.

The defendant pleads the judgment in the said partition suit in bar as a defence; and also that the plaintiff was paid and received her dower in full as another defence.

Edgar M. Doughty, for plaintiff.
Edward M. Perry, for defendant.


GAYNOR, J. It is true that the devise of a life estate in the entire real property to the widow (the plaintiff here) did not put her to her election between it and her dower right. It was consistent with her dower right, and if there had been debts and encumbrances to come out of the land prior to such life estate, so that her dower right would have been more valuable than such life estate, she was free to fall back upon such dower right. Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706.

But while this is true it is also true that the plaintiff's life estate by the will in the entire property necessarily included the dower life estate in one-third of it. In such a case if the life estate in the entire property be worth less than the dower estate for the reasons already mentioned, the widow in the distribution of the proceeds of a sale of the property is entitled to receive anyhow a sum equal to her dower interest. But this by no means argues that if she should give a conveyance of her life estate in the entire property, or if the entire property including her life estate therein should be sold under a judgment in partition binding on her, her dower estate

in the land would survive. As the greater includes the less it would be gone.

The plaintiff could, it is true, state her technical legal position to be that she had a life estate by dower in an undivided one-third of the land, and a life estate by the will in the other undivided two-thirds. But the equivalent of this is that she had a life estate in the entire property; and this was substantially and sufficiently alleged in the complaint as an allegation of her interest in the property, and the prayer was that the property be sold and the proceeds divided according to the several interests of the parties. This alone, and all the more so coupled with her written consent to the sale, and to accept a gross sum out of the proceeds in satisfaction of her "estate or interest" in the land, which is also alleged in the complaint, tendered to her the issue that the land with all her interest in it, i. e. the life estate which she was in actual possession and enjoyment of in all of it, was to be sold, and that she was to be paid the equivalent of the said estate of which she was in possession out of the proceeds of the sale. And in addition to this she executed in the action, acknowledged and filed another consent before the interlocutory judgment was obtained, and for the purpose of having such judgment based thereon, that the property be sold, and that she would accept in full satisfaction and discharge of her "estate or interest" in the land a gross sum out of the proceeds of the sale, to be ascertained according to law. This "estate or interest" could only have referred to the one she was in possession of, i. e., a life estate in the entire property.

It follows that the judgment that the plaintiff was "entitled to a life estate in the entire premises," and to receive a gross sum therefor out of the proceeds of the sale, and for a sale of the property on that basis, was properly taken against her on her default. It did not go further and was not broader than was authorized by the issues tendered, and was in addition authorized by the plaintiff's consent, and it binds her, and is a bar to this action.

Judgment for the defendant with costs.