## GARRETT v. VAUGHN.

Dower.—Will devising land to executrices to rent and pay one-half of net proceeds to widow, and giving all personal property to others, does not bar widow of dower or put her to election. . Rules or construction of wills as to bar of dower stated.

Before ALDRICH, J., Laurens, September, 1900.    Affirmed.

Petition for dower by M. Adeline Garrett against Amanda Vaughn and Eugenia Bolt.    Circuit decree affirming decree of probate court is as follows:

"Benjamin Franklin Garrett, late of the county aforesaid, died on July 6th, 1899.    He left of force his last will, which has been duly probated.    His estate consists of about 140 acres of land, and personal property.    The amount of the latter is not stated.    Testator left surviving him his wife, the petitioner herein, and his two daughters, Amanda Vaughan and Eugenia Bolt.    The first clause of said will reads: 'I will and bequeath to my beloved wife one-half the entire proceeds of my real estate, to be controlled and managed by my executors hereinafter appointed; that is to say, the said executors shall rent annually said property or real estate for the highest possible rent, and after paying taxes and such expenses as in their judgment shall be absolutely necessary for the proper preservation of said real estate, then whatever balance shall remain from the annual rents or pro-

ceeds of said tract of land shall be equally divided: one-half going to my wife, M. A. Garrett, the other half to my children, Amanda Vaughan and Amelia Bolt, and this clause to be of force during the natural life of my said wife; and should either of my children die before I do, then the interest of such deceased child shall descend to her children.' The second clause of said will is as follows: 'That will give to my said children of the net rents or proceeds of my said land during the life of my wife, M. A. Garrett, provided she outlives me, one-fourth each, and to my said wife above named one-half the net proceeds of rent.' Upon the death of the wife, testator directs 'that the whole of my estate, real and personal, shall be equally divided between my said children,' naming them, 'or the heirs of either of said children should die before me.' In the next clause the testator directs where and how he should be buried, and then provides that 'all expenses for proper medical attention and funeral expenses and expense of decent tombstones properly erected at my grave, as above located, shall be paid out of what moneys may be on hand, or the proceeds of the sale of my personal property that may be on hand, and if this sum be not sufficient, I desire that the same be done from proceeds of my real estate.' Testator next provided for 'a special legacy of the sum of $75' to his grand-daughter, Millie Vaughan, and to be paid upon certain conditions, from his 'other personal property not herein disposed of.' Amanda Vaughan and Eugenia Bolt are appointed executrices of said will, 'to execute' said 'last will and testament.' No power of sale or special authority is given to the executors. On October 23d, 1899, the petitioner filed, in the probate court, her petition for dower in the land of testator. Amanda Vaughan and Eugenia Bolt, as executrices as aforesaid, as devisees under the aforesaid will and as individuals, answered said petition, denying petitioner's right to dower upon the ground that testator, by his said will, bequeathed to petitioner one-half of the entire annual rents or proceeds of his real estate during her natural life, and that the said provision

for petitioner was to be in lieu and bar of dower.    The de-
cree of the probate court, filed January 29th, 1900, is in
favor of petitioner, and adjudged that the provision in the
will for the widow was not intended by testator to be in lieu
of dower, and grants the prayer of the petition.    The case
now comes before this Court upon four exceptions taken by
Amanda Vaughan and Eugenia Bolt.    The exceptions
really raise but one issue, viz: whether or not the testator
intended the provision made for his widow in his will to be
in lieu and bar of her dower.    The decree of the probate
court is full and clear, and ably supported by reason and
authority.    I apprehend that the difficulty in this case, as in
most cases of this nature, is to construe the will and ascertain
the intention of the testator.    There is no doubt as to the
legal principles to be applied, but the question is: under what
principles does a particular will fall?    The apparent con-
trariety of decisions upon cases of this character arises from
the construction placed upon the provisions of certain wills.
I shall not undertake the task of trying to reconcile the
numerous decisions, in so far as they relate to numerous
wills.    The probate judge has done that.    I shall try to con-
sider the issues presented by the appellants.    Counsel for
appellants, in argument, said 'the widow being old and de-
crepid, incompetent and unable to manage the estate, the
testator, not wishing her burdened with the care of the prop-
erty, very wisely left the management of the estate to his
two daughters.'    This may or may not be correct.    I shall
not attempt to conjecture either as to facts or as to the intent
of the testator, except as such facts and intent is manifested
by the will, for there is no evidence as to the age, etc., of
petitioner.    This widow is entitled to the same legal rights
as widows generally possess.    The testator owned real and
personal property.    No estate in either is given to the
widow, for the provision that she is to be paid 'one-half of
the net rents' arising from the rental of the real estate by the
executrices after the payment of taxes, the cost of keeping
the real estate in 'proper preservation,' according to the

judgment of the executrices, and the possible use of same for the purpose of paying for 'medical attention' to testator and his 'funeral expenses,' gives her no estate in said lands. The provision for the widow is in the nature of an annuity. True, it is really not an annuity, nor is it in express terms made a charge upon the said real estate. Counsel for appellants relies, to a great extent, upon the case of *Bannister* v. *Bannister,* 37 S. C., 529. In that case the household and kitchen furniture was left to the widow, in the will under consideration nothing is given to the widow which she can claim of her own. The will of John Bannister directed his executors to sell all of his real and personal property, with certain exceptions. Mr. Garrett did not in his will direct that all or any part of his real estate should be sold; on the contrary, it is to be rented, etc., by his executrices. The fact that John Bannister directed a sale of his property, and that the income from one-half the proceeds thereof should be paid to the widow for life, had much to do with the construction of his will. The case of *Bannister* v. *Bannister,* decided by a divided Court, has not been considered as finally settling the law upon this question. I think that the reasoning in the decision of *Sumerel* v. *Sumerel,* 34 S. C., 85, though not directly in point, can be applied to this case. In the case of *Hiers* v. *Gooding,* 43 S. C., 434, decided in 1894, and by a united Court, the will of Franklin W. Rivers was considered. This testator in his will provided that his widow shall be allowed to 'remain, as she now lives on my place at home, during her natural life or widowhood;' and that she is to be provided with a support by George Thomas Rivers 'out of the proceeds of my estate,' for which purpose the said Rivers is directed to 'keep my entire property together during the life of my wife or her widowhood.' The Court held that this provision for the wife was in the nature of an annuity for her life or widowhood, charged upon the 'entire property' of the testator, and the Court citing authority held 'that a gift of an annuity to the testator's widow, although charged on all the testator's property, is not suffi-

cient to put her to her election,' and the widow's claim of dower was allowed. As the husband cannot, by a conveyance of land during the coverture, bar his wife of dower, nor can he by his will, by a devise of his land, bar his widow of dower, we must assume that he in making his will intends only to devise his own estate, and not that of his wife or widow; and that presumption must prevail, unless the testator in express terms puts his widow to her election by saying that the provision for her is in lieu of dower; or it appears upon the face of the will, either in express terms or by necessary implication, that the testator intended to annex, as a condition to the provision made for the wife, that she should surrender her right of dower. *Hiers* v. *Gooding, supra,* 433. The contention that the testator meant to dispose of his property in certain proportion to his widow and others, and that the claim of dower, if allowed, would defeat the equality of that division, as directed by the will, cannot be sustained. Testator did not divide his property between the widow and his children, nor does the will direct an equal division of it. The children get, practically, all of the personal property, and the widow gets none, so that the only interest given to the widow is one-half of the rent as above stated. Again, to sustain the contention of appellants, and denying the widow's claim of dower, would leave her a stranger upon the land of her dead husband, and a trespasser in the home which, as wife, she had presided over. The reason of the existence of the estate of dower is that the widow may have subsistence from the lands once owned by her husband after his death. Under the facts and circumstances of this case, can it be assumed that B. F. Garrett intended that his wife, 'old and decrepid,' as said by counsel of appellants, should be forced upon the world homeless and dependent upon 'one-half' of the rent of his land? His will warrants no such conclusion. I think that the petitioner is entitled to dower in these lands. It is true, that if her dower is set apart to her in land, the executors cannot rent it out. This result is in conformity to law, and the children have no

right to deny to petitioner her estate of dower. It is true, that if a part of the land is set off to petitioner as her dower, and that the rent arising from the remainder will not be as much as if the entire land had been rented, but that makes no difference, the reduction will be the result of allowing dower a just claim, and that necessarily has the effect above stated; but such an effect has no weight in constructing the will. It is, I think, useless to dwell longer upon this case. I am satisfied with the decree of the probate court, and the exceptions are all overruled. Whereupon, it is ordered, adjudged and decreed, that the exceptions herein taken by appellants be and hereby are overruled, and the judgments of the court of probate appealed from be and hereby is affirmed."

From this decree the defendants appeal.

*Mr. W. R. Richey,* for appellants, cites: 22 S. C., 526; 2 Hill Ch., 48; 16 S. C., 625; 4 Strob. Eq., 84; 30 S. C., 349; 37 S. C., 529; 4 Rich. Eq., 136; 39 Ill., 468; 2 Yates, 302; 8 C. E. Gr., 23; N. J. Eq., 374.

*Messrs. Simpson & Barksdale,* contra, cite: 43 S. C., 433; 4 Rich. Eq., 135; 34 S. C., 85.

March 19, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from an order of the Circuit Court affirming an order of the probate court, by which it was adjudged that the petitioner was entitled to dower in the lands of which her husband died seized and possessed. The facts are fully set out in the order of the Circuit Court, which will be incorporated in the report of the case.

As said by the appellants' attorney, the only question in the case is whether or not the testator intended the provision he made for his widow in his will to be in lieu and bar of her dower. The reasoning of his Honor, the Circuit Judge, and the authorities cited by him, especially the case of *Hiers* v.

*Gooding,* 43 S. C., 428, so fully sustain his conclusion that we will only add a few words to what he has said. In the first clause of his will the testator directed his executrices to rent his real estate annually, and after making certain expenditures, to divide the proceeds between his wife and his two daughters, in the proportion of one-half to his wife and one-fourth to each of his daughters during his wife's lifetime. In the second clause he directed that upon the death of his wife, the whole of his real and personal estate should be equally divided between his said daughters. The following general principles may be regarded as settled beyond dispute: 1. The presumption is that the provision made by the husband in his will for his wife was not intended to be in bar and lieu of dower. 2. In order to have the effect of forcing the wife to elect whether she will take dower or under the will, the intention of the testator must so appear by the express terms of the will, or must arise by necessary implication in view of all the surrounding circumstances. 3. Where the only effect of allowing the claim of dower is to reduce the value of the devises, the widow should not be put to her election, for that happens in every case where dower is allowed. 4. The test is whether the provision in the will and the claim of dower are so manifestly repugnant that they cannot stand together. The only effect of allowing the claim of dower in this case is to reduce the number of acres which were to be rented annually by his executrices, and out of the proceeds of which they were to receive a proportionate share during the lifetime of the widow. This would not interfere with the scheme of the will any further than might naturally be expected in any case where dower is allowed, nor do we see any repugnancy between the provisions of the will and the claim of dower other than must necessarily arise in every case giving rise to the question.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.