[No. 11240.  Department Two.— December 12, 1887.]

IN THE MATTER OF THE ESTATE OF ALEXANDRE LETELLIER, DECEASED.

ESTATE OF DECEDENT — PARTIAL DISTRIBUTION — PETITION BY EXECU-
TOR.— In a proceeding for the settlement of the estate of a decedent,
the court has no authority, under section 1658 of the Code of Civil Pro-
cedure, to decree a partial distribution upon the petition of the ex-
ecutor.

APPEAL from a decree of the Superior Court of Ala-
meda County directing the partial distribution of the
estate of a deceased person.

At the time of the hearing of the petition for partial
distribution, certain persons claiming to be the widow
and children of the testator, whose names were omitted
from the will, appeared and contested the application, on
the ground that they were entitled to the whole of the
estate. The court overruled the contest, and decreed a
partial distribution to Eugenie Couturier, one of the de-
visees named in the will. The contestants thereupon
appealed. The further facts are stated in the opinion.

*Stanly, Stoney & Hayes*, for Appellants.

The court had no jurisdiction to decree a partial dis-
tribution upon the petition of the executor. (Code Civ.
Proc., sec. 1658; *Estate of Marrey*, 65 Cal. 287; *Estate of
Wright*, 49 Cal. 550.)

*George E. Lawrence*, for Respondent Eugenie Couturier.

*E. J. & J. H. Moore*, for Executor.

HAYNE, C. — This is an appeal from a decree of par-
tial distribution, made upon the petition of the ex-
ecutor.

The provision of the Code of Civil Procedure is as
follows : —

" Sec. 1658. At any time after the lapse of four months from the issuing of letters testamentary or of administration, *any heir, devisee, or legatee* may present his petition to the court for the legacy or share of the estate to which he is entitled, to be given to him upon his giving bonds, with security, for the payment of his proportion of the debts of the estate."

And the next section provides that "notice of the application must be given *to the executor or administrator personally*, and to all persons interested," etc.

These sections are the only ones authorizing partial distribution to be made. It seems to us that they do not contemplate a petition by the executor, to whom it is of no concern whether an heir, devisee, or legatee, gets paid in advance, or not. There being no authority in the statute for the proceedings taken in the court below, it was unauthorized, and should be set aside.

We think this point arises upon the record whether the decree of partial distribution is to be considered as a judgment or as an order.

We therefore advise that the decree appealed from be reversed, and the cause remanded.

Belcher, C. C., and Foote, C., concurred.

The Court.— For the reasons given in the foregoing opinion, the decree appealed from is reversed and cause remanded.