STOKES v. NORWOOD.

1. DOWER—ELECTION.—By her marriage a woman acquires for a valuable consideration the right of dower in all lands of which her husband was seized during coverture, and the husband cannot, by any act of his, deprive her of this right; but he may, by will, make provision for his wife, which is expressly or by implication to be in lieu of her dower, and if she, with full information, accepts this provision, she thereby voluntarily elects to surrender her dower.

2. IBID.—IBID.—LAND CONVEYED BEFORE DEATH.—A testator, owning two tracts of land, devised and bequeathed to his wife for life one of these tracts of land and all his personalty, and bequeathed to her $1,000 absolutely, "in lieu of any dower on my estate." The other tract of 279 acres he devised to his daughter. After making this will, testator conveyed this tract of 279 acres to this daughter. After testator's death, the widow took possession of all that the will gave her, except the $1,000, which could not be paid to her, and sued for dower in the land conveyed to the daughter. *Held*, that this widow could not take under the will and claim dower also, but as she would not receive the $1,000 legacy, the Circuit Judge properly gave her thirty days to declare her election, whether she would retain what she had under the will or take dower in this land.

3. WILL—CONSTRUCTION—PUNCTUATION.—The meaning of a will, as clearly disclosed by the context, cannot be controlled by punctuation marks or the absence of them.

4. DOWER—ELECTION—LAND CONVEYED BEFORE DEATH.—The requirement of an election on the widow's part by the use of the words, "in lieu of any dower on my estate," includes this land afterwards conveyed to his daughter, the only other land of testator being that in which his wife was given an estate for life.

Before GARY, J., Greenville, July, 1894.

Action by Annie Stokes, widow of William A. Stokes, against George A. Norwood, for dower, commenced February 21, 1894.

*Messrs. Earle & Mooney,* for appellant.

*Messrs. Haynsworth & Parker,* contra.

July 20, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff seeks dower in a tract of land, containing 279 acres, situated in Greenville County. Her

action therefor came on for trial before his honor, Judge Ernest
Gary, at the summer term, 1894, of the Court of Common Pleas
for Greenville County, in this State. The hearing was had
upon the pleadings and an agreed statement of facts. The de-
cree of the Circuit Judge, which was filed on the 20th day of
August, 1894, required the plaintiff to elect within thirty days
from the written notice of the decree, whether she will take
under the provisions of the will of her husband, William A.
Stokes, deceased, or would claim her dower; but it was pro-
vided by the terms of the decree that, in the event that she
failed or refused to so elect, her failure shall be deemed an elec-
tion to claim under the provisions of said will, and a forfeiture
of her right to dower in the land described in the complaint.

From this decree the plaintiff has appealed, and exhibits five
exceptions thereto, as follows: 1. Because his honor erred in
holding that this is a proper case for the application of the
doctrine of election.    2. Because he erred in not holding that
only the pecuniary legacy was given by the testator to the
plaintiff in lieu of dower.    3. Because he erred in not holding
that, as the plaintiff had not received the $1,000, which had
been bequeathed to her in lieu of dower, and as there was no
estate out of which this could be paid to her, that she could
not be required to elect to take what does not exist.    4. Be-
cause, if the plaintiff should be required to so elect at all between
her dower and property given to her by her husband's will,
then such election should be required only as to the pecuniary
legacy.    5. Because the land in which dower is claimed in this
case was alienated by the testator during his life, and the plain-
tiff's dower therein is not barred by her accepting under the
will.

The exceptions necessitate a reference to the facts which
make up the controversy. It seems that in 1873, William A.
Stokes, the testator, executed a paper writing to be his last
will.    By its terms he gave to his wife, the plaintiff here, for
and during her natural life, 347 acres of land and certain of his
personal property, and also absolutely the sum of $400, ex-
pressing that this latter sum was in lieu of property of said
wife he had received at their marriage, and in lieu of dower.

By the same instrument he gave to his daughter, then Martha L. Stokes but now Cureton, 279 acres of land, known as his father's homestead, and unto his daughter, Virginia W. C. Stokes now Hahn, the 347 acres of land after his wife's death. These two tracts of land comprised the whole of testator's real estate. In 1875 the said testator made a codicil to his will, by which he expressed his determination that his daughter, Martha L. Stokes, should receive her tract of 279 acres of land at once, but increased the value placed upon it by $100. In 1876, the testator made a deed in fee simple to his said daughter, Martha L. Stokes, for this 279 acres of land. In 1889, he made a second codicil to his will whereby he increased the pecuniary legacy to his wife, the plaintiff, from $400 to $1,000, and gave her a life estate in all of his personal property. Mrs. Martha L. Stokes, now Cureton, mortgaged the 279 acres of land. Under foreclosure of this mortgage, it was purchased by the defendant, George A. Norwood.

The testator died in 1892, leaving this will and two codicils in full force. His widow, the plaintiff, received and now holds all the property, real and personal, provided for her under the will and codicils, except the $1,000 in cash, and, confessedly, there is no estate to yield this sum of $1,000. Under these circumstances the widow, the plaintiff, now seeks dower in the land of 279 acres owned by the defendant, George A. Norwood. In his answer no questions are raised as to coverture or seizin by W. A. Stokes, sale by him to Martha L. Stokes, death of W. A. Stokes, &c., but he insists that it was the purpose of the said William A. Stokes, by his will and the codicils thereto, that the provisions therein made should be in lieu of the dower in the lands he then owned, and of which he attempted to dispose by his said will, and that the plaintiff was thereby put to her election as to whether she would receive the provisions there made for her or claim her dower in said lands. Again, he insists that the plaintiff has elected to take the provisions made for her by the testator in his will and codicils, and that thereby she has barred herself from claiming dower in this tract of land, and she is now estopped from making this claim of dower. Again, he insists that in case it should now be held

that the said plaintiff has not yet elected whether she will claim dower or take under said will the provisions made for her, such provision shall be sequestered and appropriated to compensate defendant for the loss sustained by the assertion of her claim of dower in the lands held by him in the manner aforesaid.

As the Circuit Judge (as he confessed very frankly and appropriately in his decree) was able to reach "a conclusion after much hesitation," so here have we been perplexed in reaching a proper and satisfactory conclusion in this case. When marriage is entered into by a woman, it is settled law in this State, that she pays a valuable consideration for all the rights and privileges of a wife, and the estate of dower in all the lands of which her husband was seized as of fee during coverture is one of those rights. It is not in the power of the husband to destroy this right of dower. It is true, he may shut her off from any participation in his property under his will, if he should choose to violate his solemn duty to care for his helpmeet to himself selected, and to ignore the solemn responsibility for a proper care and maintenance of "his better half" after his death, but this one thing he cannot destroy: his wife's estate of dower is beyond his power to destroy.

It sometimes happens that a good and generous and loving husband, when he is considering what disposition of his property after death, between his wife and children, will be best for them, may hit upon a plan which includes a disposition of his property, wherein the assertion of the claim of dower by the wife will mar these plans. In such case, the husband *either* in express terms provides in his will that the provision made therein for the wife shall be in lieu of and in bar of her claim of dower, or such husband may evince by the terms of his will so clearly and unmistakably that the provision for his wife therein shall exclude her claim of dower. In either case, then, the wife is put to her election. This election is made by her freely and voluntarily, and it is supposed after she has had furnished to her full information as to the condition of the husband's property. When this is done, no wrong is perpetrated

upon the wife. It is a maxim of the law, that one cannot claim under and against a deed or will.

Of course, therefore, it becomes very important to determine the intention of the testator. This intention should be discovered in the will itself. As before remarked, language may be used expressly denying any provision for the wife if she insists upon asserting her estate of dower. When this is the case, there is little need for construction by the courts of the will. There are cases, however, where the language used, importing a denial of the enjoyment by the wife of the provisions of the will in her favor and her estate of dower in testator's lands in addition thereto, is so connected with other provisions in the will, as to require that the whole should be construed to ascertain if such was testator's meaning. The case at bar falls under the class of cases we have just mentioned. Hence we feel that we ought to have before us the exact language of testator in this connection: "Item 1st. I give and bequeath unto my beloved wife, Anna Stokes, during her life, the tract of land whereon I live and the Robertson tract, containing 347 acres, one horse and carriage; household and kitchen furniture, and as much of the plantation tools, and also of stock and one year's provisions, as three sworn appraisers may think she needs, and I give to her in her own right the sum of $400, in lieu of the property that I received with her, and in lieu of any dower on my estate." Now in codicil No. 2 this language occurs: "I will and bequeath to my beloved wife, Annie Stokes, $600, in addition to the $400 given her in my will, making in round numbers $1,000, to have and to hold and to dispose of as she may will; I also will and bequeath my beloved wife, Annie Stokes, a lifetime interest in all my personal property, consisting of household and kitchen furniture, stock of all kinds, wagon, buggies and all farming implements. At the death of my beloved wife, Annie Stokes, it is my will and desire that the said personal property be sold and the proceeds equally divided among my heirs." Thus it is manifest that the testator dealt in no niggardly way with his wife, for by the terms of his will she was given a life estate in more than half of his whole estate and in all his personal property as

enumerated and $1,000 in cash absolutely. Now the question comes, did testator use the words, "and in lieu of any dower on my estate," as an additional recompense to his widow for the property that he received when he married her, having already provided for that purpose the sum of $1,000 in cash, or was it that the testator intended all the provisions contained in item 1st as enlarged by codicil No. 2 should be a recompense to her for not claiming "any dower on my estate."

It is suggested the punctuation of this part of the will, to wit: the use of a comma before the words, "in lieu of the property that I received with her and in lieu of any dower on my estate," and the absence of any punctuation before the words, "and in lieu of any dower of my estate," show that the testator meant the latter words to qualify the gift of $1,000 in cash, and not, on the contrary, to qualify the whole bequest in the first item—including, of course, its enlargement by codicil No. 2. There is nothing in the context of item 1st to show that this restricted view ought to be taken, nor is there anything in the other provisions of the will to so indicate. If a testator is supposed to make his will in conformity to the law, coupled with the fact that he had no other tract of land than that 347 acres he had given to his wife for life, and that she could not claim dower in this 347 acre tract if she accepted the same for life under the will, and if we are bound to exclude the 279 acre tract from our consideration, when the testator used these words, "and in lieu of any dower on my estate," he used words without meaning. To reach such a conclusion, this court would be called upon to give a construction to language in a will which would make such words meaningless; whereas, on the other hand, there is a construction to such words that would give them full force and effect. Of course, it is recognized under the law that the second construction should be given. We cannot be bound, in construing the words of a statute, a deed, or a will, to treat punctuation employed therein, or the absence of punctuation, as anything so serious as controlling one who construes such instruments. It is better that the whole context should be considered, when the object is to ascertain the purpose, the intention, the object in-

tended to be set forth in the words used. Our study of this context has led us to adopt the use of these words, "and in lieu of any dower on my estate," to set forth a condition placed by the testator to the acceptance by his widow, the plaintiff here, of the bounty provided for her in the will and codicil No. 2; that the acceptance by her of this bounty in the will is inconsistent with her claim of dower.

It is contended, however, that, even granting that this construction should be placed on these words, yet the testator having conveyed this 279 acres of land before his death, and, therefore, before his will could speak and control, it is not now incumbent upon the widow, if she accepts this bounty under the will, to abate her claim of dower in the lands so conveyed by the testator. We cannot take this view of the matter. The plain import of these words is in lieu of *any* dower *on my estate.* Now, if the widow should take dower here, it is manifest that the defendant could force the testator's estate to pay the same under the warranty in the deed of the testator to his daughter for this tract of land, and thereby this dower would be "any dower on my estate," as the language expressly states the case.

We think, on the whole, that justice has been done the plaintiff in the decree appealed from, and, such being the case, the decree must be affirmed. We have thus held. It must be apparent that the foregoing views answer all the questions raised by the exceptions, and that they must be overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.