erty in Mexico. The alleged impending agreement by which the representatives of the deceased administrator are about to assign their interest in the estate cannot affect the plaintiff's rights. Assuming, however, that the complaint is legally sufficient, it would seem that there is a defect of parties defendant. In O'Brien v. Jackson, supra, the court said:

"Charges against the trust estate in such cases [that is, where, although the executor or trustee made the contract, the estate may be sued] can be enforced only in an equitable action brought for the purpose. To that action the beneficiaries and cestuis que trustent, are necessary parties. The trust estate cannot be depleted or swept away, except in an action which they may defend."

It appears affirmatively on the face of the complaint that there are other heirs of the intestate besides the defendant, and, although the property of the intestate in this state is personal property, it is a reasonable inference that the pleader used the word "heirs" to denote persons in whom the title to said property vested. The fact that defendant, in specifying the ground of demurrer, names the heirs and next of kin, is not considered material. The demurrer on this ground is sufficiently specific, and it must be sustained.

Demurrer sustained, with costs.

---

(67 App. Div. 132.)

### GLASER v. GLASER et al.

(Supreme Court, Appellate Division, First Department. December 20, 1901.)

DOWER—PROVISION IN WILL.

A testator gave to his widow, by the third paragraph of his will, one-third of the proceeds of the sale of certain real estate, and by the fourth paragraph gave the remaining two-thirds to his executors in trust to apply the income to the maintenance of his son until the latter became of age, and then to turn over the principal to him, and by the sixth paragraph gave the remainder of the estate to his said son. *Held*, that the widow was entitled to dower in the real estate mentioned in the fourth paragraph of the will, in addition to the one-third of the proceeds of the sale of such real estate.

Appeal from special term, New York county.

Action by Virginia Glaser against Henry C. Glaser and others. From a judgment in favor of plaintiff, with notice of an intention to bring up for review an order of the supreme court granting an extra allowance of costs, Henry C. Glaser and Bernard Glaser (by his guardian ad litem) appeal. Affirmed.

The following is the opinion of LAWRENCE, J., delivered at special term:

The facts in this case are not disputed. The plaintiff alleges in her complaint that she is the widow of Joseph Glaser, deceased, who died on or about the 29th of December, 1898, leaving a last will and testament, of which the defendant Henry C. Glaser is the executor, and that said testator was at the time of his death seised of certain property situated in Spring street, in the city of New York, which is in the complaint more particularly described; that the defendant Henry C. Glaser is the testamentary guardian of the defendant Bernard Glaser, an infant of the age of eighteen, appointed and acting as such in and by the aforesaid last will and testament

of Joseph Glaser, deceased, and is also executor of said last will and testament, having duly qualified, and acting as such. The plaintiff further avers that by the death of Joseph Glaser, the husband of the plaintiff, this plaintiff, as widow of the said deceased, became and was and is seised of, and entitled to the choate right of dower in, the premises in Spring street described in the complaint, in addition to one-third of the proceeds realized upon a sale under his will, subject to the lien of a certain mortgage mentioned in the complaint. The plaintiff further avers that by this action she disaffirms and disclaims any election to accept dower in lieu of any provision under the will of said Joseph Glaser, but alleges the fact to be that she is entitled to both her dower in said premises, and one-third of the proceeds realized on a sale of said premises. The third paragraph of the will of Joseph Glaser provides as follows: "To my present wife I give and devise one-third part of the proceeds from the sale of my property situated in Spring street, in the city of N. Y., and known as No. 40–42 Spring street." By the fourth paragraph of said will it is provided: "The remaining two-thirds of the proceeds from the sale of my said property, No. 40–42 Spring street, are to be invested by my executors, for the benefit of my son, Bernard, in improved property in the city of New York. The net income therefrom is to be used for his maintenance until he becomes of age. Then the invested property is to be turned over to him by my executor." The sixth paragraph of the will of. said testator is as follows: "The remainder of my estate, of whatsoever nature it might be, I give, bequeath, and devise to my son, Bernard."

The sole question presented in the case is whether, under the will of her husband, the plaintiff is entitled to one-third of the proceeds realized upon the sale of the premises in Spring street, and also to her dower therein in addition. Dower is never excluded by a provision for a wife, except by express words or necessary implication. Where there are no express words, there must be on the face of the will a demonstration of the intent of the testator that the widow shall not take both dower and the provision. Such demonstration is furnished only where there is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit of the provision. The intention to put the widow to the election between dower and a provision may not be inferred from the extent of the provision, or because she is the devisee for life or in fee, or because it might seem to the court unjust, as a family arrangement, to permit her to claim both, or because it might be inferred that, had the attention of the testator been called to it, he would have expressly excluded dower. Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494. My examination of the will of J·seph Glaser convinces me that there is no such clear incompatibility between its provisions and the claim of the plaintiff to dower as to justify me in holding that the widow is excluded therefrom. It will be observed that in the case of Konvalinka v. Schlegel, supra, the will there under consideration gave the residuary estate to the executors, to sell and dispose of the same, and divide the proceeds equally between his wife and children, share and share alike. The language there is very much the same as that which is used in this case. Yet it was held that the widow was not put to her election, but was entitled to her dower in addition to the provision made for her in the will. It was further held that the devise to the executors in that case was void as a trust, but valid as a power in trust, and that the lands descended to the heirs, subject to the execution of the power, and that the execution of such power was not inconsistent with the dower interest, but a sale would be subject thereto. In this case, in the will under consideration no power of sale is given to the executors, excepting such as is to be implied from the direction that the proceeds of the sale of the property are to be divided between the wife and the son, Bernard, and that Bernard's share thereof shall be invested by the executors for his benefit. But assuming that a power of sale must necessarily be implied from the provisions of the will, I see no inconsistency in holding that it must be exercised subject to the dower interest of the wife. In Purdy v. Purdy, 18 App. Div. 310, 46 N. Y. Supp. 215, there was a bequest by a husband to his wife, for life, of all his property, real and

personal, conditional upon her keeping the property in repair and paying to his brother from the real estate four dollars each month, followed by a devise of the remainder of the real estate to other persons, and by a gift of all the residue of the estate to the wife; yet, in the absence of any statement in the will that the provision for the wife was made in lieu of dower, it was held that the wife was not deprived of her right to recover dower in the premises of which she was constituted the life tenant. In Kimbel v. Kimbel, 14 App. Div. 570, 43 N. Y. Supp. 900, the testator gave $50,000 to his executors in trust to pay over the income thereof to his wife. The rest, residue, and remainder of his estate, real and personal, he devised to his seven children; and he gave his executors a power of sale "for the purpose of dividing my estate to pay the legacies or devises hereinbefore contained, or for the more convenient managing of my estate, or for any ther reason that may commend itself to my executors hereinafter named." It was held that the provision for the wife was not made in lieu of her dower; that it was not necessary, in order to establish the widow's right to take both her dower, and also under the provisions of the will, to affirmatively show that the testator so intended, but, in order that she should be required to elect between the two, it must clearly and manifestly appear by implication that he intended that the widow should not take under the provisions made for her in the will, otherwise than in lieu of dower; the gift of the residuary estate to the children of the testator only affected the disposition of what was left of the estate after dower had been deducted; and that the power of sale given to the executors was not inconsistent with the existence of a dower interest in the widow. See, also, Conner v. Watson, 1 App. Div. 54, 37 N. Y. Supp. 71. Discovering no inconsistency between the claim of the widow to dower and her right to the bequest made by the will, I am therefore of the opinion that the plaintiff is not put to her election, but that she is entitled to judgment as prayed for in her complaint. See White v. Kane, 51 N. Y. Super. Ct. 295, 301.

Draw decision and judgment accordingly, and settle on notice.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

David Gerber, for appellants.
William McArthur, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below.

---

(36 Misc. Rep. 732.)

### In re BASSFORD.

(Supreme Court, Trial Term, New York County. January, 1902.)

1. EMINENT DOMAIN—AWARD—INTEREST.
      Interest on damages awarded an owner of land in the city of New York taken in a proceeding t) open a street, accruing after vesting of title in the city, is not part of the award.

2. SAME—COMPENSATION OF ATTORNEY.
      Where the owner of land taken in the opening of a street agrees to pay his attorney 10 per cent. of whatever award may be obtained, the owner is not entitled to a percentage of interest which accrues on the award between the time when the title vests in the city and confirmation of the report of the commissioners.

Application by Thomas S. Bassford to enforce his lien as an attorney on an award made to his client, George F. Johnson, in a special proceeding to open streets. Motion denied.

Ernest Hall, for petitioner.
Richard M. Bruno, for respondent.