## ESTATE OF PETER LAMB.

[No. 9488 (N. S.); October, 1910.]

**Will—Community Property.—A Widow Need not Elect,** as between her community interest and her interest under the husband's will; she may take both.

**Will—Community Property.—A General Devise of All the Property** a testator may die possessed of, without any specific property being named, applies to but his moiety of the community property, if a married man.

**Trust—Jurisdiction to Determine Validity on Partial Distribution.** Upon the ordinary notice in a partial distribution proceeding, the court has jurisdiction to determine upon the validity of a trust clause, in a will, in favor of minors absent from the state.

**Infant—Conclusiveness of Judgment—An Infant can be Bound** without having his day in court, and is as much bound as a person of full age by a decree in equity, the same grounds being available to both for disputing it.

**Guardian Ad Litem—Probate Proceeding.—The Code Sections** providing for the appointment of guardians ad litem are not applicable to probate proceedings.

**Trust.—An Express Trust Should Define** its subject, purpose and beneficiary, and also its duration in regard to time.

Jurisdiction of court to declare invalidity of trust in favor of absent minors upon petition for partial distribution without further notice than that required to be given by sections. 1659 and 1633, Code of Civil Procedure.

George W. Lane and Leo C. Tuck, for petitioner.

Page, McCutchen & Knight, for executor, of counsel.

COFFEY, J. The estate is appraised at $20,813.39.

The inventory and appraisement show the following items:

| | |
|---|---:|
| One parcel real property | $8,500.00 |
| Policy of insurance payable to estate | 2,430.00 |
| 436 shares Pacific Oil Field stock | 2,180.00 |
| Interest in Balfour-Guthrie & Co. | 7,000.00 |
| Fox Tail stock | 100.00 |
| Cash | 344.74 |
| Yacht | 325.00 |

The will, in its essential features, is as follows:

Bequeaths one-half of the estate to Annie Maria Lamb, the widow.

Bequeaths one-fourth of the estate to Mrs. Losee, a sister.

Bequeaths one-fourth of the estate to Miss Lamb, an unmarried sister.

Further on in the will it is said:

"The share that goes to my sister Agnes (Mrs. Losee) is to be held in trust by her for my nephews, Edwin Lamb Losee and James K. Losee, and niece, Agnes Mary Marian Losee, equally."

By order of this court heretofore made, the parcel of real property appraised at $8,500 was set apart to the widow absolutely as a probate homestead.

Subtracting this item from the inventory there remains in the estate approximately $12,300.

The will also contains a specific bequest of the policy of life insurance made payable to the estate and appraised at $2,430, to the widow. Substracting this, there remains in the estate proper approximately $10,000.

The total expenses of administration, including claims presented against the estate, commissions, etc., are estimated at $2,800. Subtracting this amount there remains in the descendible portion of the estate, approximately $7,000.

Upon this basis of $7,000 we must proceed to determine the amounts due to the general legatees. The will is one that comes within the principle laid down in the case of In re Gilmore, 81 Cal. 240, 22 Pac. 655, wherein it is held that: "A general devise of all the property of which the testator may die possessed without naming any specific property, ap plies only to his moiety of the community property."

The widow is not compelled to elect whether she will take her community interest or her interest under the will, but may take both: See, also, Estate of Stewart, 74 Cal. 98, 15 Pac. 445; Estate of Smith, 108 Cal. 115, 40 Pac. 1037; Estate of Silvey, 42 Cal. 210.

Therefore, of the $7,000 above referred to the widow takes one-half as her community interest. Subtracting this half, to wit, the sum of $3,500, it will appear that but $3,500 of the estate was subject to the testamentary disposition of the deceased at the time of his death. Of this $3,500, therefore, Mrs. Lamb, the widow, takes one-half and the two sisters take a quarter apiece, or the sum of $875 each.

Both of the sisters have assigned their interest to Mrs. Lamb, the widow, petitioner herein.

The basis of the petitioner's claim upon the estate may be summed up as follows:

1. Absolute homestead............................$8,500
         (This has already been given to her.)
2. Specifically bequeathed insurance policy.......... 2,430
3. Community interest............................. 3,500
4. Interest under will.............................. 1,750
5. Interest assigned by Miss Lamb.................... 875
6. Interest assigned by Mrs. Losee.................. 875

By the petition, it is sought to have the court distribute to Mrs. Lamb the sum of $7,000, more particularly the item noted in the inventory as "interest in Balfour-Guthrie & Co.," appraised at $7,000.

THE STATUTORY NOTICE HAVING BEEN GIVEN, THE COURT HAS
JURISDICTION, AND MINORS AS WELL AS ADULTS ARE BOUND.

Upon the first hearing of the petition the question was raised as to whether in this proceeding and upon the ordinary notice in a partial distribution proceeding, the court has jurisdiction to determine the invalidity of a trust clause in the will in favor of minors absent from the state.

Section 1659, Code of Civil Procedure, which defines the notice to be given of the hearing of a petition for partial distribution, provides as follows: ''Notice of the application must be given to the executor or administrator, personally, and to all persons interested in the estate, in the same manner that notice is required to be given of the settlement of the account of an executor or administrator.''

The notice that is required to be given to all persons interested in the estate by the above section is said to be the same as that required upon the settlement of an account of an executor or administrator. The notice required upon such an occasion is defined by section 1633, Code of Civil Procedure.

Section 1633, Code of Civil Procedure, is as follows: ''When any account is rendered for settlement, the clerk of the court must appoint a day for the settlement thereof, and thereupon give notice thereof by causing notices to be posted in at least three public places in the county, setting forth the name of the estate, the executor, or administrator, and the day appointed for settlement of the account. If, upon the final hearing at the time of settlement, the court, or a judge thereof, should deem the notice insufficient from any cause, he may order such further notice to be given as may seem to him proper.''

There being no other statutory requirements for notice, and partial distribution being entirely a statutory matter, it must be held that the court has full and complete jurisdiction if the requirements of the above sections are fulfilled.

The executor was served with a duly issued citation, proof of service of which is on file. So, also, notice was posted pursuant to section 1633.

That nonresident legatees are bound by decree of partial distribution the requirements of sections 1659 and 1633 having been met, although they have had no personal notice, is held in In re Jessup, 81 Cal. 409; at page 437, 21 Pac. 976, 22 Pac. 742, 1028, 6 L. R. A. 594, where the question was fully discussed.

It is held in Hodgdon v. Southern Pac. Ry. Co., 75 Cal. 642, at page 648, 17 Pac. 928, that where the statutory requirements of a guardianship proceeding are met, all parties are bound thereby, including minors as well as adults, and the case of Joyce v. McAvoy, 31 Cal. 274, 89 Am. Dec. 172, is cited to this effect. In the latter case the question was thoroughly discussed and gone into as to whether under the law of California an infant can be bound without having been allowed a day in court, and the conclusion was reached that an infant defendant is as much bound by a decree in equity as a person of full age and will not be permitted to dispute it except upon the same grounds as an adult might have disputed it.

It is to be noted that under section 1633 the court may, upon final hearing, should it deem the notice given insufficient from any cause, order "such further notice to be given as may seem proper." But having proceeded under the sections and complied with the requirements, the petitioner has sustained the jurisdiction of the court. Whether the court shall exercise the discretion given to it by the section to order a further notice to be given may be determined by the court from all the circumstances.

With regard to the exercise of this discretion it is pointed out that it is the mother of these minors who will receive the money in the event of the court's declaring the trust invalid; that the trust sought to be declared invalid is invalid upon its face. Further, that the only result of such an exercise of the court's discretion would be to compel someone to expend

money in behalf of these minors for the vain purpose of giving them a chance to be on hand when the court declares what it must know from the beginning, to wit, that the trust is void.

It might be that were it possible for the court to appoint a guardian ad litem for these minors, such a proceeding would be a proper exercise of the court's discretion, but in the case of Carpenter v. Superior Court, 75 Cal. 596, 19 Pac. 174, it was held that the sections of the Code of Civil Procedure, providing for the appointment of guardians ad litem, were inapplicable to probate proceedings. Again, were it still possible for the court to appoint attorneys to represent the minors under section 1718 of the Code of Civil Procedure, that method would be a judicious exercise of the court's discretion under the present circumstances. But section 1718 of the Code of Civil Procedure having been repealed in 1903, that course is excluded.

The only thing would be that the court should compel the appointment of general guardians for these minors, and in the present circumstances no useful purpose could be served.

### THE ATTEMPTED TRUST INVALID WITHOUT QUESTION.

Referring to the provision in the will attempting to create a trust in favor of Mrs. Losee's children, it is apparent that it fails to create a valid trust.

Section 2221 of the Civil Code of California reads as follows:

"Voluntary Trust, How Created as to Trustor.

"Sec. 2221. Subject to the provisions of section eight hundred and fifty-two, a voluntary trust is created, as to the trustor and beneficiary, by any words or acts of the trustor, indicating with reasonable certainty:

"1. An intention on the part of the trustor to create a trust; and

"2. The subject, purpose, and beneficiary of the trust."

Subdivision 2 makes it necessary that an express trust should define its subject, purpose and beneficiary. The at-

tempted trust in the will names beneficiaries, the subject matter is clear, but there is absolutely nothing stated as to the purpose, and were there no other objections to urge against the trust than this, it is apparent that it would fail. In the words of McCloud v. Hewlett, 135 Cal. 361, 67 Pac. 333, a trust that does not express its purpose, besides being violative of section 2221, Civil Code, is "without rudder or compass."

Neither is the duration of the attempted trust defined, which is likewise an essential element.

Wittfield v. Forster, 124 Cal. 418, which says at page 421 (57 Pac. 219) : "The duration of the estate attempted to be granted to the trustee, the nature and quantity of interest which the beneficiaries are to have, and the manner in which the trust is to be performed, are all left undeclared and without any reasonable certainty; and, of course, there is no statement of any of the purposes for which under section 857 an express trust may be declared. And this uncertainty also makes the attempted trust as to the personal property void": See, also, McCloud v. Hewlett, 135 Cal 361, 67 Pac. 333; Barker v. Hurley, 132 Cal. 21, 63 Pac. 1071, 64 Pac. 480.

THE PETITIONER, AS THE WIDOW, MAY PETITION FOR HER SHARE OF THE ESTATE ON PARTIAL DISTRIBUTION.

It is suggested that there might be some question of the court's jurisdiction to grant to the widow the portion of the estate to which she is entitled by an assignment upon partial distribution.

Section 1658, which grants the right to partial distribution, grants that right only "to any heir, devisee, or legatee."

It is held in the Estate of Donahue, 1 Cof. Prob. Dec. 186, that a widow is an heir within the meaning of this section. Further, the section does not in terms limit the right to partial distribution to any restricted portion of the estate, but limits the right to certain classes of individuals. If the petitioner is within one of those classes, as in the present case, she may ask, in the words of the section, "for the legacy or share of the estate to which he is entitled, or any portion thereof."

In this case, the right of the petitioner to the portion of the estate for which she is asking partial distribution, is based, one-half upon her community interest, one-fourth upon her interest as legatee under the will, and to the extent of two-eighths upon two assignments from other legatees.

While it has never been held that an assignee of an heir, devisee or legatee can petition for partial distribution, although it has been asserted that such construction should be judicially made on the strength of section 1678, Code of Civil Procedure, as amended in 1909, nevertheless, the widow in the present case, having the right to petition, is entitled to the full measure of her interest in the estate. Nothing in this contention can be deemed contrary to the doctrine laid down in the cases of In re Letellier, 74 Cal. 311, 15 Pac. 847, and Alcorn v. Buschke, 133 Cal. 658, 66 Pac. 15, which simply go to the point that an executor or an administrator may not petition for partial distribution.

It is further suggested that even were the amount petitioned for distributed to the petitioner, she will still have a large distributable interest left in the estate, inasmuch as the proceeds of the insurance policy, which is specifically bequeathed to her, amounting to $2,430.00, have been collected by the executor, and are, with the consent of the petitioner, being applied by him towards the payment of debts and expenses of the estate.

Counsel call the court's attention to the fact that the statement in the inventory and appraisement that all the property of the estate is separate property of the deceased, is incorrect. At the time the appraisement was made, the appraisers were informed from apparently reliable sources that such was the case, and, were perhaps led into this belief from the circumstances that the deceased was married only three years prior to the time of his death and the properties in the estate were larger than one would reasonably suppose could be accumulated in such a short time. The question whether the estate did really consist of separate or community property became the essential point in determining the rights

of the widow upon her petition for probate homestead, and the thorough investigation made at the time showed conclusively that practically all of the estate was community property.

For the reasons foregoing, the court concludes that the application should be granted.

---

### WHEN A WIDOW IS BY A WILL REQUIRED TO ELECT BETWEEN ITS BENEFITS AND HER RIGHT TO DOWER OR IN THE COMMUNITY PROPERTY.

General Common-law Doctrine.—Every married woman has an interest in the lands of her husband. Of this she cannot be devested but by her own act or consent. If he makes a provision for her by his will, she has her election to take the testamentary provision or to claim her legal provision. If the provision in the will is an ordinary bequest or devise, and is not expressed to be in lieu of dower, she is entitled to take under the will and also claim the estate the law gives her. But while a husband has no direct control of his wife's right to dower, he may offer her, by testamentary gift, something in place of it, and thereby put her to an election. In this event she cannot have both, and her acceptance of the gift bars her dower. However, a testamentary provision, when accepted by her, does not defeat her right to dower, unless the intention of the testator that the provision shall be in lieu of dower is shown by a declaration of the will to that effect, or is clearly deducible from its terms. The presumption is that a devise or bequest is in addition to, and not a substitute for dower: Hilliard v. Binford, 10 Ala. 977; Thompson v. Betts, 74 Conn. 576, 82 Am. St. Rep. 235, 51 Atl. 564; Kinsey v. Woodward, 3 Harr. (Del.) 474; Warren v. Morris, 4 Del. Ch. 289, 300; Tooke v. Hardeman, 7 Ga. 20; Speer v. Speer, 67 Ga. 748, 752; Cain v. Cain, 23 Iowa, 31; In re Estate of Blaney, 73 Iowa, 113, 34 N. W. 768; Franke v. Wiegand, 97 Iowa, 704, 66 N. W. 918; Shaw v. Shaw, 2 Dana, (Ky.), 341; Timberlake v. Parish, 5 Dana (Ky.) 346; Bailey v. Duncan, 4 T. B. Mon. (Ky.) 256; Bayes v. Hawes, 24 Ky. Law Rep. 281, 68 S. W. 449; Johnson v. Johnson, 32 Minn. 513, 21 N. W. 725; McGowen v. Baldwin, 46 Minn. 477, 49 N. W. 251; Wilson v. Cox, 49 Miss. 538; Brown v. Brown, 55 N. H. 106; Godman v. Converse, 43 Neb. 463, 61 N. W. 756; Norris v. Clark, 10 N. J. Eq. 51; Church v. Bull, 2 Denio, 430, 43 Am. Dec. 754; Bull v. Church, 5 Hill, 206; Fuller v. Yates, 8 Paige, 325; Matter of Accounting of Frazier, 82 N. Y. 239; Evans v. Webb, 1 Yeates (Pa.), 424, 1 Am. Dec. 308; Borland v. Nichols, 12 Pa. St. 38, 51 Am. Dec. 576; Melizet's Appeal,

17 Pa. St. 449, 55 Am. Dec. 573; Durfee, Petitioner, 14 R. I. 47; Braxton v. Freeman, 6 Rich. (S. C.) 35, 57 Am. Dec. 775; Hall v. Hall, 8 Rich. (S. C.) 407, 64 Am. Dec. 758; Jarman v. Jarman, 4 Lea (Tenn.), 671; Wiseley v. Findlay, 3 Rand. (Va.) 361, 15 Am. Dec. 712; Higginbotham v. Cornwell, 8 Gratt. (Va.) 83, 56 Am. Dec. 130; Nelson v. Kownslar, 79 Va. 468; French v. Davies, 2 Ves. 572; Ellis v. Lewis, 3 Hare, 310.

"It is a maxim in a court of equity," said Chief Justice Marshall, in Herbert v. Wren, 7 Cranch, 370, 377, "not to permit the same person to hold under and against a will. If, therefore, it be manifest, from the face of the will, that the testator did not intend the provision it contains for his widow to be in addition to her dower, but to be in lieu of it, if his intention discovered in other parts of the will must be defeated by the allotment of dower to the widow, she must renounce either her dower or the benefits she claims under the will. But if the two provisions may stand well together, if it may be fairly presumed that the testator intended the devise or bequest to his wife as additional to her dower, then she may hold both."

An express provision in a will in lieu of dower puts the widow to her election, and if accepted with a proper understanding of her position, bars the estate which the law gives her: Collins v. Wood, 63 Ill. 285; Knighton v. Young, 22 Md. 359, 373; In the Matter of Vowers, 113 N. Y. 569, 21 N. E. 690; Lee v. Tower, 124 N. Y. 370, 26 N. E. 943; Nelson v. Brown, 144 N. Y. 384, 39 N. E. 355; Chapin v. Hill, 1 R. I. 446; Johnson v. Johnson, 44 S. C. 364, 22 S. E. 417. The same result may be effected, however, by implication. Where the provisions of the will manifest a clear and unequivocal intention on the part of the testator to bar his wife's dower, this is sufficient, without express words, to put her to her election. An implied intention may be deduced by showing that the claim of dower is inconsistent with the will and repugnant to its dispositions, or some of them, or that to allow dower would disturb, disappoint, or defeat the plain purpose of the testator, as shown by the whole will. The intention of the testator is the guide, and no particular form of words or technical terms are necessary to the expression of such intention: Helm v. Leggett, 66 Ark. 23, 48 S. W. 675; Lord v. Lord, 23 Conn. 327; Alling v. Chatfield, 42 Conn. 276; Walker v. Upson, 74 Conn. 128, 49 Atl. 904; Stephens v. Gibbes, 14 Fla. 331; Hurley v. McIver, 119 Ind. 53, 21 N. E. 325; Snyder v. Miller, 67 Iowa, 261, 25 N. W. 240; Washburn v. Van Steenwyk, 32 Minn. 336, 20 N. W. 324; Fairchild v. Marshall, 42 Minn. 14, 43 N. W. 563; White v. White, 1 Harr. (N. J.) 202, 31 Am. Dec. 232; Stewart v. Stewart, 31 N. J. Eq. 398; Brokaw v. Brokaw, 41 N. J. Eq. 304; Savage v. Burnham,

17 N. Y. 561; Vernon v. Vernon, 53 N. Y. 351; Matter of Estate of Smith, 30 N. Y. Supp. 982, 10 Misc. Rep. 320; Koezly v. Koezly, 65 N. Y. Supp. 613, 31 Misc. Rep. 397; Pickett v. Peag, 3 Brev. (S. C.) 544, 6 Am. Dec. 594; Bamister v. Bamister, 37 S. C. 529, 16 S. E. 612; Hair v. Goldsmith, 22 S. C. 566; Callaham v. Robinson, 30 S. C. 249, 9 S. E. 120; Rutherford v. Mayo, 76 Va. 117; Atkinson v. Sutton, 23 W. Va. 197; Lawrence v. Lawrence, 2 Vern. 365; Strahan v. Sutton, 3 Ves. 249; Chalmers v. Storil, 2 Ves. & B. 222; Parker v. Sowerby, 4 De Gex, M. & G. 321.

But to bar her of dower by implication, the provisions of the will, or some of them, must be absolutely inconsistent with the claim of dower, so that the testator's intention will be defeated as to some part of the property devised or bequeathed to others, if she takes her dower, together with the testamentary provision. And to deprive the widow of dower, or to compel her to elect, it is not sufficient that the provisions of the will render it doubtful whether the testator intended she should have her dower in addition to the testamentary bounty, but the provisions of the will must be such as to show an evident intention on the testator's part to exclude the claim of dower: Sanford v. Jackson, 10 Paige, 266. It is not enough to say that upon the whole will it fairly may be inferred that the testator intended his widow should have no dower. To compel her to elect, the court must be satisfied that there is a positive intention that she is to be excluded from dower: Mills v. Mills, 28 Barb. 454. In the absence of an express declaration in the will that the provision therein is in lieu of dower, "mere intention of the testator to that effect, gathered from the will, is not enough to put the widow to an election. To make a case for election, he [Mr. Pomeroy] says 'that intention must have been shown or carried into operation by totally inconsistent gifts of the land subject to dower'": Stokes v. Pillow, 64 Ark. 1, 40 S. W. 580, citing 1 Pomeroy's Equity Jurisprudence, sec. 493; Adsit v. Adsit, 2 Johns. Ch. 448, 7 Am. Dec. 539, and other cases.

She will not be made to elect between her dower and the testamentary provision unless the implication to that effect is clear and manifest: Bennett v. Packer, 70 Conn. 357, 66 Am. St. Rep. 112, 39 Atl. 739; In re Klostermann, 6 Mo. App. 314; Leonard v. Steele, 4 Barb. 20; or is clearly deducible from the terms of the will: In re Estate of Franke, 97 Iowa, 704, 66 N. W. 918; or is unequivocally expressed: Hasenritter v. Hasenritter, 77 Mo. 162; Sheldon v. Bliss, 8 N. Y. 31. She is not put to her election unless the provisions of the will and her claim of dower are plainly or totally inconsistent: Thompson v. Betts, 74 Conn. 576, 92 Am. St. Rep. 235, 51 Atl. 564; Lasher v. Lasher, 13 Barb.

106. The inconsistency must be such as to disturb, defeat, interrupt, or disappoint some provision of the will: Hunter v. Hunter, 95 Iowa, 728, 58 Am. St. Rep. 455, 64 N. W. 656. She need not elect unless it is beyond reasonable doubt that the assertion of her dower right would prevent the giving full effect to the testator's intention: Dixon v. McCue, 14 Gratt. 540. The conclusion should be as satisfactory as if it were expressed: Douglas v. Feay, 1 W. Va. 26. The test is, whether the provision of the will and the claim of dower are so manifestly repugnant that they cannot stand together: Sumerel v. Sumerel, 34 S. C. 85, 12 S. E. 932.

It thus appears how high in the esteem of courts dower stands, and how reluctant they are to put the widow to an election between it and a testamentary gift. In the words of Justice Andrews: "Dower is favored. It is never excluded by a provision for a wife, except by express words or necessary implication. Where there are no express words, there must be, upon the face of the will, a demonstration of the intention of the testator that the widow shall not take both dower and the provision. The will furnishes his demonstration only when it clearly appears without ambiguity or doubt, that to permit the widow to claim both dower and the provision would interfere with the other dispositions and disturb the scheme of the testator, as manifested by his will. The intention of the testator cannot be inferred from the extent of the provision, or because she is a devisee under the will for life, or in fee, or because it may seem to the court that to permit the widow to claim both the provision and dower would be unjust as a family arrangement, or even because it may be inferred, or believed, in view of all the circumstances, that if the intention of the testator had been drawn to the subject, he would have expressly excluded dower. We repeat, the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will": Konvalinka v. Schlegel, 104 N. Y. 125, 58 Am. Rep. 494, 9 N. E. 868. To the same effect, see Glaser v. Glaser, 74 N. Y. Supp. 395, 67 App. Div. 132.

**Effect of Particular Testamentary Provisions—Devise of Life Estate.**—A devise by a testator of all his property to his wife for life is not inconsistent or incompatible with her claim of dower, and does not put her to an election unless given in lieu of dower, either expressly or by necessary implication: Potter v. Worley, 57 Iowa, 66, 7 N. W. 685, 10 N. W. 298; Daugherty v. Daugherty, 69 Iowa, 677, 29 N. W. 778; Hunter v. Hunter, 95 Iowa, 728, 58 Am. St. Rep. 455, 64 N. W. 656; Howard v. Watson, 76 Iowa, 229, 41 N. W. 45; In re

Estate of Proctor, 103 Iowa, 232, 72 N. W. 516; Purdy v. Purdy, 46 N. Y. Supp. 215, 18 App. Div. 310; Hopkins v. Cameron, 70 N. Y. Supp. 1027, 34 Misc. Rep. 688. The will may provide for a remainder over to, or for a division of the estate among, others on the death of the widow: See Sutherland v. Sutherland, 102 Iowa, 535, 63 Am. St. Rep. 477, 71 N. W. 424; Bare v. Bare, 91 Iowa, 143, 59 N. W. 20; Watson v. Watson, 98 Iowa, 132, 67 N. W. 83. "The devise to the plaintiff for life," observes Justice Denio in Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706, "of all the testator's real and personal property, would seem, on a superficial view, to be inconsistent with the right of dower; and it would be clearly so if she was dowable only in the lands of which her husband died seised, after all liens and encumbrances thereon had been satisfied. But as her interest as dowress extends to all the lands of which he was seised during coverture, and it is not subject to his debts nor to any liens which he may have created without her joining in them, it is obvious that such a provision would, in many cases, be quite illusory as a compensation for dower." The rule that a devise to a wife of a life estate in all the testator's property, in the absence of any restrictive words, is not to be treated, as in lieu of dower, is changed by statute in Iowa: Persifield v. Aumick, 116 Iowa, 383, 89 N. W. 1101.

A devise of a portion of the testator's estate to his widow for life, and a devise of the residue to third persons, does not make a case for election between the benefits of the will and the right to dower in such residue: Havens v. Havens, 1 Sand. Ch. (N. Y.) 324; Mills v. Mills, 28 Barb. 454. In Illinois, however, the acceptance by a widow of a devise of a life estate in certain lands bars her dower in lands otherwise devised: Kirkpatrick v. Kirkpatrick, 197 Ill. 144, 64 N. E. 267. It has been held that where certain lands are devised to a widow she cannot be endowed of the said lands: Cunningham v. Shannon, 4 Rich. Eq. (S. C.) 135. Though it seems in Iowa a devise of specific lands does not preclude a claim of dower in them in addition to the life estate: Parker v. Hayden, 84 Iowa, 493, 51 N. W. 248.

**Devise During Widowhood.**—In case of a devise to a widow for life or during her widowhood, the authorities are conflicting as to whether she may claim dower in the same lands devised. Some authorities hold that there is no inconsistency between the benefits of the will and the estate conferred by law, and she is not forced to elect between them: See Church v. Bull, 2 Denio, 430, 43 Am. Dec. 754; Sanford v. Jackson, 10 Paige, 266. Other authorities announce a contrary doctrine: See Stark v. Hunton, 1 N. J. Eq. 216; Cooper v. Cooper, 56 N. J. Eq. 48, 38 Atl. 198; Hamilton v. Buckwalter, 2

Yeates (Pa.), 389, 1 Am. Dec. 350. In Schwatken v. Daudt, 53 Mo. App. 1, it is held that a devise of all the testator's property to his wife during her widowhood is inconsistent with her claim to dower in the personal property.

**Provision for Support of Widow—Annuity and Income.**—A gift of one-third of the income of the testator's real estate to his widow for life does not put her to an election between the gift and her dower: Duncklee v. Butler, 56 N. Y. Supp. 329, 25 Misc. Rep. 680; nor does a direction to the executors to apply a certain annual sum from the income of the estate for the support of the widow: Matter of Grotrian, 71 N. Y. Supp. 842, 35 Misc. Rep. 257. A direction to set apart a certain sum out of the estate, the interest thereon to be paid annually to the widow, does not bar her dower, though the will also directs the sale of both real and personal property: Chandler v. Woodward, 3 Harr. (Del.) 428. See, also, Kimbel v. Kimbel, 43 N. Y. Supp. 900, 14 App. Div. 570. A widow is not required to elect between her dower and an annuity which is made a charge on real estate devised to others and is made payable to her for life: Horstmann v. Flege, 172 N. Y. 381, 65 N. E. 202. Compare Worthen v. Pearson, 33 Ga. 385, 81 Am. Dec. 213. Where a will makes no provision for the wife, but the codicil makes the entire estate chargeable for her support during life, she is not forced to elect: Bentley v. Bentley, 112 Iowa, 625, 84 N. W. 676. And if a testator, on devising land to each of his two nephews, provides that one of them shall keep his entire property together and support his widow out of the proceeds, and also give his wife all cash on hand at his death, she is not barred of dower in the land: Hiers v. Gooding, 43 S. C. 428, 21 S. E. 310.

If the provisions of a will demonstrate that it was not the intention of the testator to give both an annuity and dower to his widow, she must elect between them: Dodge v. Dodge, 31 Barb. 413. An annuity, which was made a charge on the entire estate, real and personal, is a bar to dower, where it would defeat the keeping of the entire estate together as directed by the will: Speer v. Speer, 67 Ga. 748; where a testator bequeaths to his wife one room in his dwelling-house and a comfortable maintenance out of his real estate for her during her life or widowhood, and then devises all his real estate to his two sons to be divided equally between them, the bequest to his wife will be regarded as in lieu of dower: White v. White, 1 Harr. (N. J.) 202, 31 Am. Dec. 232. And in Campbell v. Sankey, 114 Iowa, 69, 86 N. W. 48, it is held that a devise of all the property of the testator to his son for the purpose of supporting his widow is inconsistent with her claim of dower. Where, by the terms of a will,

a widow takes about two-thirds of the income of the personal estate and the use of nearly one-half the real estate, this excludes dower: Anthony v. Anthony, 55 Conn. 256, 11 Atl. 45.

**Devise to Trustees to Sell.**—In Gordon v. Stevens, 2 Hill. Ch. 46, 27 Am. Dec. 445, it is said a devise of lands to trustees to sell is understood to pass the real estate subject to dower. And accordingly it is held in Konvalinka v. Schlegel, 104 N. Y. 125, 58 Am. Rep. 494, 9 N. E. 868, that where a testator willed his residuary estate, consisting of both real and personal property, to his executors to sell and divide the proceeds equally between his wife and children, share and shade alike, the widow takes dower in addition. And a widow is not put to her election where the testator devises all his property to trustees with a peremptory power of sale, and directs the payment to her of an annuity out of the converted fund: Wood v. Wood, 5 Paige, 596, 28 Am. Dec. 451. But see Young v. Boyd, 60 How. Pr. 213; Brink v. Layton, 2 Redf. (N. Y.) 79; Savage v. Burnham, 17 N. Y. 561. However, in Cooper v. Cooper, 56 N. J. Eq. 48, 38 Atl. 198, Vice-Chancellor Pitney says that "some of the older English cases, and perhaps a few in this country, have held a direction to executors to sell and convey real estate did not necessarily indicate that they were to sell free and clear of the dower of the widow. But the modern decisions, which, in my judgment, are more in accordance with common sense, tend to hold that a power and direction to sell necessarily includes the idea of conveying the title free and clear of dower," citing, among other cases, Colgate v. Colgate, 23 N. J. Eq. 372.

**Provision for a Division Between Widow and Children.**—The decided cases are not harmonious as to whether a wife must elect between her dower and the benefits of the will when her husband devises his estate or the residue thereof to her and her children, share and share alike. Perhaps by the weight of authority she will, in such a case, be put to her election: See Matter of Estate of Gotzian, 34 Minn. 159, 57 Am. Rep. 43, 24 N. W. 920; Helme v. Strater, 52 N. J. Eq. 591, 30 Atl. 333; Bailey v. Boyce, 4 Strob. Eq. (S. C.) 84. Contra, Closs v. Eldert, 51 N. Y. Supp. 881, 30 App. Div. 338. It is held in Hatche's Estate, 62 Vt. 300, 22 Am. St. Rep. 109, 18 Atl. 814, that under a will by which a husband, after making two specific bequests, devises the residue of his estate, real and personal, one-third to his wife, two-ninths to his daughter, and four-ninths to his son, his widow will take both her homestead and dower.

In case of a devise to a wife for life or during widowhood, and at her death or marriage the estate to be equally divided between the testator's heirs, an election to take under the will does not defeat

dower: Sully v. Nebergall, 30 Iowa, 340. And a devise to a widow, to be held and used by her as she may see fit until a certain child becomes of age, then to be equally divided among the children, and, in the event of her marriage before that time, the executor to collect the rents for the children and give her her dower, does not intend the use of the property to be in lieu of dower: Kelly v. Ball, 14 Ky. Law Rep. 132, 19 S. W. 581. But in McLeod v. McDonnel, 6 Ala. 236, a wife is put to her election under a will in these terms: "That all my property, both real and personal, of which I am now possessed, or may hereafter accrue, be retained and continued together till my youngest child may arrive at lawful age; at which time all the above property, with its increase, to be equally divided among all my lawful heirs." She would take a vested interest in one-sixth of the estate, there being five children. And where a testator gives the use of all his property to his wife and children until the youngest attains his majority, at which time the widow is to have one-third and the residue is to be divided among the children, she cannot hold her distributive share under the law and also take under the will: Howard v. Smith, 78 Iowa, 73, 42 N. W. 585. Where a testator makes a specific devise of lands to his widow, and then devises other lands to her in trust for the use of their children, to be divided among them on their majority, she cannot claim dower in the latter real estate: Van Guilder v. Justice, 56 Iowa, 669, 10 N. W. 238.

Other Devises and Bequests.—A provision of a will giving a widow a life use of the homestead does not bar her right to also take her one-third under the law: Richards v. Richards, 90 Iowa, 606, 58 N. W. 926; nor does a provision giving one-half of the rents to her for life, and directing the estate to be divided among the children on her death: Garrett v. Vaughan, 59 S. C. 516, 38 S. E. 166; nor does a devise of a dwelling-house to the widow during life or widowhood, together with a bequest of certain household furniture and other property, the rest of the real property to be divided among the testator's children, who were to aid in her support if she requested it: Jackson v. Churchill, 7 Cow. 287, 17 Am. Dec. 514. A request to a widow that she release her dower in the residuary estate does not put her to an election: Miller v. Miller, 49 N. Y. Supp. 407, 22 Misc. Rep. 582.

On the other hand, it has been held that where a husband devises his whole property, if there is one part thereof with respect to which it is clear that he did not intend it should be subject to dower, it follows that he did not intend any portion to be subject to dower, and his wife is put to her election: Worthen v. Pearson, 33 Ga. 385, 81 Am. Dec. 213. And she is put to her election when he makes

a provision for her, and then disposes of the entire remainder of his estate: Apperson v. Bolton, 29 Ark. 418; or where he gives a power to his executors to rent, lease, repair and insure the real estate, until sold or divided, and out of the rents and profits to pay a provision made for her: Tobias v. Ketchum, 32 N. Y. 319; or where he gives, after the payment of his debts and funeral expenses, to her during her life, the rents, income, interest, use, and occupancy of all his estate, real and personal, on the condition that she keep the buildings and personal property insured, pay all taxes and assessments, and keep the estate in good repair: In the Matter of Zahrt, 94 N. Y. 605; or where he gives her certain personal property in lieu of dower in his personalty, and directs her to sell certain lands and invest the proceeds for the benefit of the children, the gift of personal property is in lieu of dower in the lands directed to be sold: Haszard v. Haszard, 19 R. I. 374, 34 Atl. 150.

**Statutory Enactments—Their Effect on the Common-law Doctrine**
The common-law rule that a devise or bequest in favor of a wife is presumed to be in addition to her dower, unless the contrary appears from the will, and that she is not forced to elect between them, unless the benefits of the will are manifestly inconsistent with the claim of dower, has been reversed by statutes in many of the states; so that a testamentary provision by a husband in favor of his wife is deemed to be in lieu of dower, and puts her to an election between the two, unless it plainly appears from the will that the testator intended she should enjoy both. These statutes usually provide a certain time in which she may signify her dissent from the will and claim her dower, and her failure to renounce the testator's bounty within such time bars her right to dower: Sanders v. Wallace, 118 Ala. 418, 24 South. 354; Stokes v. Pillow, 64 Ark. 1, 40 S. W. 580; Warren v. Warren, 148 Ill. 641, 36 N. E. 611; Wilson v. Moore, 86 Ind. 244; Burkhalter v. Burkhalter, 88 Ind. 368; Miller v. Stephens, 158 Ind. 438, 63 N. E. 847; Huhlien v. Huhlien, 87 Ky. 247, 8 S. W. 260; Bayes v. Howes (Ky.), 6 S. W. 449; Hastings v. Clifford, 32 Me. 132; Dow v. Dow, 36 Me. 211; Collins v. Carman, 5 Md. 503; Reed v. Dickerman, 12 Pick. 145; Adams v. Adams, 5 Met. (Mass.) 277; Stearns v. Perrin (Mich.), 90 N. W. 297; Wall v. Dickens, 66 Miss. 655, 6 South. 515; Kaes v. Gross, 92 Mo. 647, 1 Am. St. Rep. 767, 3 S. W. 840; Chadwick v. Tatem, 9 Mont. 354, 23 Pac. 729; Craven v. Craven, 17 N. C. 338; Griggs v. Veghte, 47 N. J. Eq. 179, 19 Atl. 867; Hill v. Hill, 62 N. J. L. 442, 41 Atl. 943; Corry v. Lamb, 45 Ohio St. 203, 12 N. E. 660; Demoss v. Demoss, 7 Cold. (Tenn.) 256; Application of Wilber, 52 Wis. 295, 9 N. W. 162; Van Steenwyck v. Washburn, 59 Wis. 483, 48 Am. Rep. 532, 17 N. W. 289; Melms v. Pabst Brewing Co., 93 Wis. 140, 66 N. W. 244; Willey v. Lewis, 113 Wis. 618, 88 N. W. 1021.

A devise of land to be enjoyed while the devisee remains the testator's widow is a devise within a statute declaring that a devise to a widow will bar her dower unless renounced: Stone v. Vandermark, 146 Ill. 312, 34 N. E. 150. And a gift of one-third the net income of the testator's lands bars dower: Stunz v. Stunz, 131 Ill. 210, 23 N. E. 407. A condition attached to a devise in trust, that the devisee shall give a bond for the support of the testator's widow during her life, puts her within the Wisconsin statute: Turner v. Scheiber, 89 Wis. 1, 61 N. W. 280. A legacy, in order to bar dower, need not be larger in amount than would the inheritance, in case there were no will: Cribben v. Cribben, 136 Ill. 609, 27 N. E. 70. Of course, if the language of the will clearly shows an intention to give the wife an estate or property in addition to that given by the law, there is no necessity for an election: Like v. Cooper, 132 Ind. 391, 31 N. E. 1118.

Under the Montana statute providing that a devise of land shall bar dower, unless otherwise expressed in the will, such a devise is held a bar to dower in lands conveyed by the husband alone, during coverture: Spalding v. Hershfield, 15 Mont. 253, 39 Pac. 88. But the Missouri statute declares that "if any testator shall, by will, pass any real estate to his wife, such devise shall be in lieu of dower out of the real estate of the husband whereof he died seised," unless the will declares otherwise; and under it, a widow is not put to her election as to lands which the testator had conveyed without his wife joining with him, and of which he did not die seised: Hall v. Smith, 103 Mo. 289, 15 S. W. 621.

If the statute provides, in effect, that where a testator by will devises any land or interest therein to his wife, such devise shall be in lieu of dower in his real estate, unless he otherwise declares in his will, a bequest of personal property does not, like a devise of real estate, compel her to renounce the provisions of the will, or make an election, in order to be endowed of her husband's lands: Jennings v. Smith, 29 Ill. 116; Brown v. Pitney, 39 Ill. 468; Pemberton v. Pemberton, 29 Mo. 408; Martien v. Norris, 91 Mo. 465, 3 S. W. 849.

Conflict of Laws.—A statute providing that a widow shall not be entitled to dower in addition to the provisions of the will, unless such plainly appears to have been the intention of the testator does not apply to lands outside the state: Staigg v. Atkinson, 144 Mass. 564, 12 N. E. 354. But a foreign will devising land within the state is governed by the statute: Jennings v. Jennings, 21 Ohio St. 56. The Virginia statute declaring that a bequest of personal property is to be considered as in lieu of dower, unless the contrary appears in some writing signed by the party making the provision, has no appli-

cation to foreign wills of personalty, which, at the common law, are construed according to the lex domicilii; so that where a person domiciled in New York bequeaths personalty to his wife, but makes no disposition of real property in Virginia, and the will contains nothing incompatible with the claim of dower, the will is construed by the common-law doctrine of New York, to the effect that a testamentary gift will not be regarded as in lieu of dower, unless the testator's intent to the contrary appears from express words, or by necessary implication: Bolling v. Bolling, 88 Va. 524, 14 S. E. 67.

Community Property.—The common-law rule governing the doctrine of election between the right of dower, and the benefits of the will, has been adopted by the courts in dealing with the question of election where a widow's right in community property is in issue. Accordingly, if a husband undertakes to dispose by will of the entire community property, and his widow chooses to accept a testamentary provision in her favor, she thereby becomes devested of her interest in the common property, provided the assertion of the community right would necessarily defeat the objects of the will. But, in order to put her to her election between the provision of the will and her right in the community property, the provision must be expressly declared to be in lieu of her interest in such property, or else an intention on the part of the testator that his bounty should be in lieu of such interest must be deduced by clear and manifest implication from the terms of the will, based upon the fact that her claim to her share in the community would be inconsistent with the will, or repugnant to its provisions so as to disturb or defeat them.

When there is no such express declaration, or no such clear and manifest intent, she may take what the law allows her, and also what the will gives her: Morrison v. Bowman, 29 Cal. 337; Estate of Silvey, 42 Cal. 210; King v. Lagrange, 50 Cal. 328; Estate of Frey, 52 Cal. 658; In re Stewart, 74 Cal. 98, 15 Pac. 445; In re Gilmore, 81 Cal. 240, 22 Pac. 655; In re Smith's Estate (Cal.), 38 Pac. 950; Theall v. Theall, 7 La. 226, 26 Am. Dec. 501; Pratt v. Douglas, 38 N. J. Eq. 516; Crosson v. Dyer, 9 Tex. Civ. App. 482, 30 S. W. 929; Smith v. Butler, 85 Tex. 126, 19 S. W. 1083; Gibony v. Hutcheson, 20 Tex. Civ. App. 581, 50 S. W. 648; McClary v. Duckworth (Tex. Civ. App.), 57 S. W. 317; Gilroy v. Richards (Tex. Civ. App.), 63 S. W. 664; Skagg v. Deskin (Tex. Civ. App.), 66 S. W. 793.