ANNA M. THOMPSON ET AL., EXECUTORS, vs. EMILY LEEK BETTS ET AL.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

If the language of a will clearly reveals the meaning of the testator, extrinsic evidence is inadmissible to assist or vary the construction; but if it is not clear, the court may by evidence of extrinsic facts put itself as near as may be in the condition of the testator in respect to his property and the situation of his family, for the purpose of rightly understanding the meaning of the words of his will.

A testator in the forepart of a paragraph of his will gave a specific sum of money to a sister, and in the latter part of the same paragraph repeated substantially the same words of gift, name and amount. *Held* that under the general rule the legatee was *prima facie* entitled to one legacy only, and the fact that she was the favorite sister of the testator did not make this rule inapplicable.

In the absence of a clear implication to the contrary a legacy to one's widow is presumed to be a matter of bounty and not an equivalent for dower. While an intention to give in lieu of dower need not be declared in express words but may be shown by implication, the implication must be manifest and arise from some provision of the will plainly inconsistent with the right of dower.

Argued January 28th—decided March 5th, 1902.

ACTION to determine the construction of the will of Charles E. Thompson of New Haven, deceased, brought to and reserved by the Superior Court in New Haven County, *Gager*, *J.*, upon a finding of facts, for the consideration and advice of this court.

The material portions of the will are as follows : "*First.* I give and bequeath absolutely to my wife, Anna M. Thompson, of said town of New Haven, the sum of thirty thousand dollars. *Second.* I give and bequeath absolutely as follows, to the following named persons, viz : To Ella L. Sheldon, of Middletown, Connecticut, three thousand dollars. To my sister, Emily Leek, three thousand dollars. To my sister-in-law, Anna Thompson, three thousand dollars. To my nephew, Augustus S. Thompson, seven thousand dollars. To my niece, Mrs. Martha Bartlett, seven thousand dollars. To Mrs. Jane Merle, four thousand dollars. To Emily Leek, three thousand dollars, all of said town and county of New Haven ; and to the Home of the Friendless, a corporation duly chartered by the legislature of this State, and located in said town of New Haven, the sum of five thousand dollars."

In the third, fourth, fifth and sixth clauses of the will, legacies amounting to $12,500 were given to divers persons.

The seventh and eighth clauses read as follows : "*Seventh.* Should my estate be at the time of my death insufficient to pay the above bequests in full, then I direct that said devisees above named shall share the loss *pro rata, i. e.,* in proportion to the amounts severally bequeathed to said devisees, except my wife, Anna Thompson, who is to receive hers in full. *Eighth.* All the rest, residue, and remainder of my estate, both personal and real, in possession, remainder, or reversion, I give and devise to my heirs at law, to them and their heirs."

The material facts agreed upon are in substance these : The will was executed in January, 1897, and the testator died in July, 1900. He owned no real estate at the time he made his will. All the real estate owned by him at his death he acquired by foreclosure after the will was made. . He died possessed of real estate worth $24,000, and personal estate inventoried at $88,383.57. He was married to the woman who survives him as his widow, prior to 1877. The debts, legacies and charges against his estate, exceed the value of the personal estate, and to pay them it will be necessary to

sell some of the real estate. When he made his will the
testator had living one brother, Seymour, two sisters, Marietta
Leek, and Emily Leek, two children of his deceased brother
Philo, four of his deceased brother George, one of his de-
ceased brother William, one of his brother Seymour, and one
of his sister Emily. Anna Thompson, mentioned in the sec-
ond clause of the will, whose true name is Ama Thompson, is
the widow of the testator's brother Samuel. Ella L. Sheldon,
named in the same clause, is a sister of the testator's wife.
The true name of his sister Emily, mentioned in the second
clause of the will twice, was, when the will was made and
long before, Emily Leek Betts. She was the favorite sister
of the testator. For a long time before and at the time the
will was made, the testator's wife had been and was the
owner of real estate in New Haven worth $12,000, inherited
from a deceased sister.

The two questions propounded in the complaint are these:
first, whether the bequest of $30,000 to the widow of the
testator is in lieu of dower; second, whether Emily Leek
Betts is entitled to both of the bequests to her of $3,000
each. The questions of law reserved upon the agreed facts
include the question of the admissibility of those facts as evi-
dence bearing upon the construction of the will.

*Burton Mansfield*, for Anna M. Thompson.

*Frank M. Canfield*, for Emily L. Betts.

*William B. Stoddard*, for Susan A. Leach et al.

*Rufus S. Pickett*, for Augusta A. Rice.

*E. P. Arvine*, for Marietta Leek.

TORRANCE, C. J. One of the questions reserved relates
to the use, or admissibility, as aids in the process of constru-
ing the will in question, of certain of the evidential facts
agreed upon, and that question will be first considered.

Certain of the parties in this case object to the use, or admissibility, for the above purpose, of certain of the facts stated in the record. To which of these facts the objection is taken, the record does not disclose; but in the briefs, and in the oral argument, it is and was taken only to two of them, namely: first, the fact that Emily Leek Betts was a favorite sister of the testator; second, the fact that the widow of the testator, before and at the date of the will and continuously since, was and is the owner in her own right of real estate worth $12,000; and we will therefore assume that these are the only facts to which the objection relates.

Speaking generally, in aid of the process of construction and interpretation, resort will be had, first, to the evidence furnished by the will itself, and if that proves to be insufficient, resort may be had to any appropriate extrinsic evidence. If, taking the language of the will alone, when applied to the facts and circumstances to which it relates, the meaning of the testator is clear, extrinsic evidence is unnecessary and therefore inadmissible. "Why seek by parol to explain that which needs no explanation?" *Hall* v. *Rand*, 8 Conn. 561, 574; *Post* v. *Jackson*, 70 id. 283. On the other hand, if in the process of construction it becomes necessary to resort to evidence of the facts and circumstances under which the will was made, the general rule is that expressed in Wigram's fifth proposition, *namely*: "For the purpose of determining the object of a testator's bounty, or the subject of disposition, or the quantity of interest intended to be given by his will, a court may inquire into every *material* fact relating to the person who claims to be interested under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator, and of his family and affairs, for the purpose of enabling the court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will." Wig. on Wills, Prop. 5. In short, the court may, by evidence of extrinsic facts other than direct evidence of the intention of the testator, put itself as near as may be "in the condition of the testator in respect to his property, and the situa-

tion of his family," for the purpose of rightly understanding the meaning of the words of his will. *Bond's Appeal*, 31 Conn. 183, 190. Whether the facts objected to fall within the class of facts covered by this rule, and whether extrinsic evidence, of the kind furnished by them, is necessary in this case, are questions about which courts might differ; but they are also questions which, in the view we take of this case, it is unnecessary to decide; for they are not decisive of the main questions presented upon the record. In the discussion of those questions, then, we will assume, without deciding, that the facts objected to are admissible in aid of the process of construction.

The language of the second clause of the will, so far as it relates to Mrs. Emily Leek Betts, is this: "I give and bequeath absolutely as follows: . . . To my sister, Emily Leek, three thousand dollars. . . . To Emily Leek, three thousand dollars." Here we have, in the forepart of the clause, a legacy of a specified amount to Mrs. Betts, and a little further on in the same clause a legacy of a like amount to the same person, repeated substantially *totidem verbis*, and nothing more. In such a case, the legatee is *prima facie* entitled to one legacy only, the presumption being that one of the bequests is but a repetition of the same gift; "and they will not be construed as cumulative, unless there be something in the language, or in the attending circumstances, proper to come in aid of construction, showing a different intent." 2 Redf. on Wills, p. 178; 1 Sw. Dig., p. 456; Hawk. on Wills, p. 303. This common sense inference or presumption that one of the gifts, in a case like the present, is but a repetition of the other and not a second gift, may now be said to have acquired the force of a rule of construction, and it is applicable in this case; for there is nothing in the will, nor in the facts agreed upon, including the fact that Mrs. Betts was the favorite sister of the testator, that makes the rule inapplicable. Under this rule, then, Mrs. Betts is only entitled to one legacy of $3,000.

The remaining question is whether the legacy to the widow was or was not given in lieu of dower. The claim is that

the legacy to the widow is in lieu of dower. It is not so given in express words, but it is claimed that it is so given by clear implication. We think this claim is not well founded. It is true that the intention to give in lieu of dower need not be declared in express words, but may be shown by implication; but the implication must arise from some provisions of the will plainly inconsistent with the assertion of the right of dower, and the implication must be clear and manifest. This is the rule stated in all our own cases upon this subject, from that of *Lord* v. *Lord*, 23 Conn. 327, down to that of *Bennett* v. *Packer*, 70 Conn. 357. In the case at bar there is no inconsistency between the widow's assertion of her right of dower and the provisions of the will, and both may well stand together. Her assertion of her right will in no way defeat, nullify, or interfere with any of the provisions of the will. In addition to this, the presumption is that the legacy to the widow is a matter of bounty and not an equivalent for dower, in the absence of a clear implication to the contrary. *Lord* v. *Lord*, 23 Conn. 327, 331. On the whole we are satisfied that the legacy to the widow is not in lieu of dower.

The Superior Court is advised (1) that Emily Leek Betts is entitled to only one legacy of $3,000, and (2) that the legacy to the widow is not in lieu of dower.

No costs will be taxed in this court.

In this opinion the other judges concurred.