In the Matter of the Probate of the Will of CHARLES E. TURNER, Deceased.

BYRON J. TILLMAN, by STEPHEN V. O'GORMAN, His Special Guardian, Appellant; HELEN M. LUCAS et al., Respondents.

Will — in the construction of doubtful provisions of a will the words used must be taken in their natural sense — meaning and application of word "each" in clause distributing residuary estate among nephews and nieces of testator.

1. The natural sense in which words are used, as it appears from judicial inspection, always prevails over both punctuation and capitals, which are regarded as such uncertain aids in the interpretation of written instruments as to be resorted to only when all other means fail.

2. Testator provided by his will: "*Eleventh.* All the rest and residue and reversion of my estate, both real and personal, I give, devise and bequeath as follows, — to my nephew, Byron J. Tillman of Buffalo, N. Y., one share; to my niece, Grace Joy of Boise, Idaho, one share; and to each of the children of my brother, George Turner, one share, to be divided equally among my said nieces and nephews share and share alike. I direct that the share of any dying with issue surviving shall be paid to such issue and that the share of any dying without issue surviving shall be equally divided among the survivors." A son of the said George Turner died before the testator made his will, leaving a daughter, Blanche

Turner, him surviving. *Held*, that assigning to the word "each" its correct signification in the clause in question, viz., "Every one of the two or more composing the whole," the bequest is the gift of one share to every one of the children of the testator's brother George, and can only be carried into effect by treating the entire residuary clause as a bequest *per capita* to the individuals named or indicated therein. *Held*, further, that as the father of the respondent Blanche Turner died before the making of the will he could take nothing thereunder, and, therefore, nothing under the will passed to his daughter. (*De Nottebeck* v. *Astor*, 13 N. Y. 98, and *Pimel* v. *Betjemann*, 183 N. Y. 194, distinguished.)

*Matter of Turner*, 152 App. Div. 231, modified.

(Argued February 27, 1913; decided April 22, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 9, 1912, affirming so much of a decree of the Monroe County Surrogate's Court as construed the 11th paragraph of the will of Charles E. Turner, deceased.

The facts, so far as material, are stated in the opinion.

*Albert Haight, John T. Ryan* and *Stephen V. O'Gorman* for appellant. The will herein provides for a division of the residue of decedent's estate into three parts. (*Poor* v. *Considine*, 6 Wall. 480; *Colton* v. *Fox*, 67 N. Y. 348; *Williams* v. *Jones*, 166 N. Y. 522; *Morris* v. *Sickley*, 133 N. Y. 456; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Matter of T. G. & T. Co.*, 195 N. Y. 339; *Pimel* v. *Betjemann*, 183 N. Y. 194; *Matter of King*, 200 N. Y. 189; *Viner* v. *Francis*, 2 Cox Eq. 190.) The surrogate erred in refusing to permit the appellant to prove facts showing the intimate relations existing between the testator, the appellant and the appellant's family from testator's boyhood up to the time of his death. (*Scotland County* v. *Hill*, 112 U. S. 183; *White* v. *Hicks*, 33 N. Y. 383; *McGee* v. *McGee*, 67 Barb. 487; *Shultes* v. *Johnson*, 38 Barb. 80.) The learned surrogate erred in holding that Blanche Turner is a legatee herein. (*Pimel* v. *Betjemann*, 183

N. Y. 194; *Lee* v. *Gay*, 155 Mass. 423; *Davis* v. *Wynn*, 80 Ga. 675; *Meeker* v. *Meeker*, 4 Redf. 29.)

*Milton Noyes* for Helen M. Lucas et al., respondents. The will clearly expresses testator's exact intention, viz., to bequeath to "each" of George Turner's children a share of the residuary, equal in amount to the share bequeathed to the appellant. The punctuation is of little value as an aid to true construction, and must otherwise be disregarded if it is in conflict with the testamentary scheme as gleaned from the provisions of the will, or prevents ascribing to words their ordinary meaning. (*Lewisohn* v. *Henry*, 179 N. Y. 352; *Matter of Verplanck*, 91 N. Y. 439.)

*M. H. McMath* for Blanche Turner, respondent. The plain and obvious meaning of the language of this 11th paragraph is as construed by the surrogate and by the appellate court. (*Eidt* v. *Eidt*, 203 N. Y. 330; *Kinkele* v. *Wilson*, 151 N. Y. 277; *Lewisohn* v. *Henry*, 179 N. Y. 363.) The construction which gives to Blanche Turner one-eighth of the residuary estate is in accordance with the probable intention of testator. (*Matter of Brown*, 93 N. Y. 299; *Pfeuder* v. *Depew*, 136 App. Div. 640; *Low* v. *Harmony*, 72 N. Y. 414.)

*Leonard B. Bacon* for Security Trust Company of Rochester, as executor, respondent. The construction by the surrogate and by the Appellate Division dividing the residue into eighths was correct. (*Kinkele* v. *Wilson*, 151 N. Y. 269.)

WILLARD BARTLETT, J. The clause of the will which we are called upon to construe in this case reads as follows:

"*Eleventh.* All the rest residue and reversion of my estate, both real and personal, I give, devise and bequeath

as follows,— to my nephew, Byron J. Tillman of Buffalo, N. Y., one share; to my niece, Grace Joy of Boise, Idaho, one share; and to each of the children of my brother, George Turner, one share, to be divided equally among my said nieces and nephews share and share alike. I direct that the share of any dying with issue surviving shall be paid to such issue and that the share of any dying without issue surviving shall be equally divided among the survivors."

In the portion of the decree which is appealed from the surrogate of Monroe county considered this clause as requiring that the residuary estate of the testator should be divided into eight equal shares "and that of said eight shares said Byron J. Tillman is entitled to one share; said Grace Joy is entitled to one share; said Helen M. Lucas is entitled to one share; said Belle Shumway is entitled to one share; said Fred Turner is entitled to one share; said Charles C. Turner is entitled to one share; said George W. Turner is entitled to one share and said Blanche Turner is entitled to one share."

Byron J. Tillman is a nephew of the testator; Grace Joy is a niece; and the other persons above mentioned are the children of the testator's brother, George Turner (who died before him), except Blanche Turner, who is the daughter of a deceased son of the said George Turner. This son died before the testator made his will.

The extrinsic facts which were proven upon the hearing before the surrogate in reference to the knowledge of the testator concerning his several relatives and notably his lack of knowledge concerning the children of his brother, George, might suffice to create a doubt as to whether the construction adopted by the surrogate was really expressive of the testator's intention were it not for the plain language of the will and the natural and accepted meaning of the words used in the eleventh clause. It is plainly impossible to adopt the construction contended for by the learned counsel for the appellant

unless we disregard the presence of the word "each" in the bequest to "each of the children of my brother — George Turner." This word is correctly defined in Anderson's Law Dictionary as meaning "Every one of the two or more composing the whole." In *State* v. *Maine Central R. R. Co.* (66 Me. 488, 510) it is said: "Each means every one of any number separately considered." Assigning to it this signification in the clause in question, the bequest is the gift of one share to every one of the children of the testator's brother George and can only be carried into effect by treating the entire residuary clause as a bequest *per capita* to the individuals named or indicated therein. In support of the argument that the use of the word *each* in the will in no way alters the fact that the bequest was a bequest to the children of George collectively, but two cases are cited: *De Nottebeck* v. *Astor* (13 N. Y. 98) and *Pimel* v. *Betjemann* (183 N. Y. 194). In the *De Nottebeck* case the testamentary provision in controversy was as follows: "Also I give to the said six children of my daughter Dorothea, or to such of them as may survive me, one hundred thousand dollars of the public debt of the City of New York, bearing five per cent. interest, usually called the water loan, to be paid to each on attaining their age of twenty-one years." This was held to give to the six children who should survive the testator the one hundred thousand dollars of water stock collectively notwithstanding the limiting phrase "to be paid to each." This result was reached by comparing the clause in question with other bequests in the will, such as "to each of my said grandsons," naming them, and "to each of my said granddaughters." Judge DENIO thought that these bequests showed that where the testator designed to give to each of several persons a legacy of an equal amount of money he had adopted a form of expression which he omitted to use in the clause under consideration, and from this fact the court drew the inference that he did not intend to give each of the six surviving children of

his daughter Dorothea the sum of one hundred thousand dollars. In the *Pimel* case, while a direction to executors "to pay to each of my children who shall have arrived at the age of twenty-one years the sum of five hundred dollars" was spoken of as a bequest to a class, the only question there considered was whether the class included persons dead before the making of the will, and we do not find any intimation in the opinion as to the *quantum* receivable by the members of the class. Neither of these decisions, therefore, seems to sustain the position of the appellant.

On the other hand, very much in point the other way is the case of *Penney's Estate* (159 Pa. St. 346). There the sixth clause of the will after providing for the payment of previously mentioned legatees and the funeral expenses of the testator, including a tombstone, directed that the balance of the estate be converted into cash and "be distributed share and share alike to the following persons if they are living at the time of my death, namely: to my sister Martha J. Houghton, one share, and to my stepdaughter, Olive J. Smith, one share, and to each of my nephews and nieces then living, one share." The auditing judge divided the residuary estate into three parts and distributed one-third to Martha J. Houghton, one-third to Olive J. Smith and one-third to the nieces and nephews. The court of intermediate appeal and the Supreme Court of Pennsylvania held that this distribution was erroneous by reason of the presence of the dominant word "each" in the bequest. "The grammatical meaning of this clause of the sentence," said Mr. Justice Mitchell, "does not admit of question. The word 'each' separates the class into individuals and is equivalent to the detailed enumeration, 'to A. one share, to B. one share, to C. one share,' etc., for which it was a compendious summary. As well said by the learned court below, had the testator, after directing distribution share and share alike to the following persons, then 'designated all

of the legatees by name there would be no room for doubt that he intended a *per capita* distribution.' But by the use of the word 'each' he did in effect designate them all individually as plainly as if he had inserted their several names."

We are not greatly impressed by the argument in behalf of the appellant based upon the punctuation of the eleventh clause to the effect that because the phrase "to be divided equally among my said nieces and nephews share and share alike" is preceded by a comma instead of by a semicolon it, therefore, is to be deemed to qualify only the gift to the children of George Turner and not all the gifts which precede it. "The natural sense in which words are used, as it appears from judicial inspection, always prevails over both punctuation and capitals, which are regarded as such uncertain aids in the interpretation of written instruments as to be resorted to only when all other means fail." (*Kinkele* v. *Wilson*, 151 N. Y. 269, 277.) Here there is no such difficulty in getting at the testator's expressed meaning in the phraseology he adopted as to require resort to considerations of punctuation.

It does not seem to us that we should be justified in reversing and ordering a new hearing on account of the exclusion of the evidence mentioned in the appellant's offer to prove, which exclusion was the subject of exception. The facts embodied in the offer related to the extent of the testator's acquaintance and intimacy with Byron J. Tillman; and assuming them all to have been proven we do not see how they could change the result.

Upon the principal question argued, therefore, our conclusion is that the decree of the surrogate should be affirmed; but on the other hand we think it plain that it should be reversed so far as the respondent Blanche Turner is concerned.

The will was executed on February 28, 1910. Frank Turner, a son of George and the father of the respondent

Blanche Turner, died April 28, 1908. Having thus died before the making of the will, Frank Turner could take nothing thereunder, and, therefore, nothing under the will passed to his daughter. (*Pimel* v. *Betjemann*, 183 N. Y. 194, 199.) In the case cited Chief Judge CULLEN says that " the clear weight of authority is in favor of the proposition that a bequest to a class does not include persons dead before the making of the will, who, had they survived till that time, would have fallen within the description given to the class, of course, in the absence of something in the will or surrounding circumstances to show a different intent." It is argued that a different intent is manifested here by the direction at the end of the eleventh paragraph to the effect that the share of any dying with issue surviving shall be paid to such issue. This, we think, means dying *after* the making of the will.

The order appealed from and the decree of the surrogate should be modified so as to adjudge that the respondent Blanche Turner is not entitled to any part of the residuary estate as a devisee or legatee under the will of Charles E. Turner, deceased, and as thus modified, said order and decree should be affirmed, without costs to any party except the special guardian for Blanche Turner, whose costs must be paid out of the estate.

CULLEN, Ch. J., WERNER, HISCOCK and HOGAN, JJ., concur; CHASE and COLLIN, JJ., concur as to the claim of Blanche Turner, but hold that the appellant is entitled to one-third of testator's residuary estate.

Ordered accordingly.