BLANCHE L. LIGHTFOOT, Appellant, v. MATTHEW A. KANE, Individually and as Executor, etc., of BRIDGET C. KANE, Deceased, and Others, Respondents.

(*Supreme Court, Appellate Division, First Dept., December* 10, 1915.)

WILL—CONSTRUCTION.

Where a testatrix directed that the remainder of her estate be divided into as many shares as she might have children living at her death; that one of such shares be given to each of her children surviving at the time of her death, and that in case any of her children should die before her leaving lawful issue surviving, then such issue should take the share the parent would have taken if living, and further provided that the share of the son be placed in trust for his life, with remainder to his lawful issue, if any; if not, then such share should be given to her children living at the time of the death of said son, and the issue of any of her children who may have died before the death of the son, the children of a son who died before the testatrix are entitled to take under the will.

APPEAL by the plaintiff, Blanche L. Lightfoot, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of September, 1915, granting the motion of the defendants herein, except the defendant Rosemary Kane, for judgment on the pleadings dismissing the complaint. Plaintiff also appeals from the judgment entered in said clerk's office on the 23d day of September, 1915, dismissing the complaint pursuant to said order.

Joseph Walker Magrauth, for the appellant.

John J. Lordan, for the respondent Thomas F. Kane.

Rounds, Schurman & Dwight, for the respondents Matthew A. Kane and others.

Henry S. Cook, for the respondent Annie F. Garry.

Henry L. Schaefer, for the respondent Rosemary Kane.

SMITH, J.— Bridget Kane died the 11th of March, 1914, leaving a last will and testament which is here for construction. The will executed on the 6th day of July, 1909. On that date there were living three sons and four daughters. Another son, Michael Kane, had died on December 13, 1903, prior to the execution of the will. The plaintiff and the defendant Rose-mary Kane are daughters of said Michael Kane, who left no other issue.

There is a single question involved in this appeal, arising upon the construction of the 4th clause of Bridget Kane's will. That clause, so far as is relevant, reads as follows: "All the rest, residue and remainder of my property and estate, both real and personal and wheresoever situated, I divide into as many equal shares or portions as I may have children living at the time of my death and one of such shares or portions I give, devise and bequeath to each of my children surviving at the time of my death. * * * In case any of my children *shall die* before me, leaving lawful issue surviving, then such issue shall take the share or portion the parent would have taken if living at the time of my death * * *."

The judgment appealed from denies to the children of Michael Kane the right to take under the will. With this conclusion I am not in accord.

The wording of the will is faulty and inaccurate. The two clauses quoted are contradictory of each other. There are two rules of interpretation which are to guide us in construing this will: (1) The intent of the testatrix is to govern the interpretation of the will when that intent be ascertained, and words may be transposed and the tense of a verb changed if necessary to give expression thereto. (2) A strong presumption exists

that the testatrix did not mean to disinherit alone the children
of her deceased son. (Matter of Brown, 93 N. Y. 299; Matter
of Crawford, 113 id. 366, 374, 375.) In the defendants'
answers no claim is made that Michael Kane had received his
portion of the estate prior to his death, nor upon the face of the
pleadings is there any reason apparent why any discrimination
should be made as against the living children of the deceased
child. Again, in the 5th clause of the will the share of Peter J.
is put in trust for his life with remainder to his lawful issue,
if any. If not, the will reads: " Then I give, devise and be-
queath the share or portion of my estate so held in trust for
him as aforesaid to my children living at the time of his death,
and the issue of any of my said children who *shall have died*
before the death of my said son Peter J. Kane    *    *    *."

That the children of Michael are included in this provision is
undoubted, and in view of this fact and of the inaccuracy of
expression found throughout the will, and of the presumption
that the issue of the child that died before the making of the
will should share equally with the issue of the children who
should die thereafter, it seems fair that the provision for the
children who " shall die " before the death of the testatrix
includes this plaintiff and her sister.

This exact phrase has been the subject of judicial construc-
tion in wills. In Matter of Chapman's Will (32 Beav. 382)
the will recites in part, " that in case any of my nephews and
nieces or great nephews and great nieces, *shall die in my life-
time* leaving any child or children who shall be living at my
decease," the child or children of such nephew or niece should
take the share of its parent. It was there held that the issue
of a child who had died before the making of the will was
entitled to share. In the opinion, Sir JOHN ROMILLY says, in
part: " Much stress cannot be placed on the words ' shall die
in my lifetime;' it is vague. It is argued, that it means ' shall

hereafter die,' but I think the expression is constantly used in the sense ' shall be dead at the time of my death.' "

In Loring v. Thomas (1 Dr. & Sm. 497) the court held that the words " shall die " did not import future dying, but are equivalent to the words " shall be dead " or " shall have died." The expression in the statute (2 R. S. 66, § 52; now Decedent Estate Law [Consol. Laws, chap. 13; Laws of 1909, chap. 18], § 29, as amd. by Laws of 1912, chap. 384) providing against the lapse of legacies, where a child " shall die " during the lifetime of the testator, was construed by both the prevailing and dissenting opinions to refer to a death before or after the making of the will, in Pimel v. Betjemann (183 N. Y. 194). That case is strongly relied upon by respondents to sustain this decision. If our conclusion that the words " shall die " as used in the 4th subdivision of the will shall be construed as " shall have died " as used in the 5th subdivision of the will, this case is clearly distinguishable from the case cited, which was simply a bequest to children as a class without express provision for those dying before testator's death. The decision in the case cited also rests in part upon a provision in the will that the legacy should not be payable until the beneficiary reached the age of twenty-one years, which was held to indicate that young children of a deceased child were not intended to be included. In the case at bar the will contains no such provision. The case at bar is also distinguishable from Matter of Turner (208 N. Y. 261), in which was construed a will containing a bequest to collaterals and not to direct descendants. In such case the same inference does not exist as where the question of exclusion is of one's own blood. Each will must be construed in the light of the special circumstances under which it was made, and in view of other provisions in the same will I cannot escape the conviction that the testatrix never intended to exclude the plaintiff and her sister from their share of her bounty.

The order and judgment should, therefore, be reversed, with costs, and the motion denied, with ten dollars costs.

INGRAHAM, P. J., LAUGHLIN, CLARKE and SCOTT, JJ., concurred.

LAUGHLIN, J. (concurring).— I concur in the views expressed by Mr. Justice SMITH, and vote for reversal. I am of opinion that the provisions of the will directing that the residuary estate be divided into as many shares or portions as the testator left children him surviving is qualified by the further provisions with respect to the prior death of a child leaving issue, and that the true construction of the will is that if the testator left children and the issue of a deceased child, no matter whether the death of such child occurred before or after the making of the will, the residuary estate should be divided into a number of shares equal to the number of sons and daughters of the testator who survived him, plus the number of his sons and daughters who pre-deceased him, leaving issue surviving the testator.

The plaintiff and the defendant Rosemary Kane, who are the children of the testatrix's son Michael, are, therefore, entitled to take the share which Michael would have taken had he survived the testatrix.

INGRAHAM, P. J., CLARKE, SCOTT and SMITH, JJ., concurred.

Judgment reversed, with costs, and motion denied, with ten dollars costs.